## SANSONE *v.* UNITED STATES.

No. 365.   Argued March 10, 1965.—
Decided March 29, 1965.

*Merle L. Silverstein* argued the cause for petitioner. With him on the briefs was *Stanley M. Rosenblum.*

*Paul Bender,* by special leave of Court, argued the cause for the United States *pro hac vice.*   With him on the brief were *Solicitor General Cox, Assistant Attorney General Oberdorfer* and *Joseph M. Howard.*

MR. JUSTICE GOLDBERG delivered the opinion of the Court.

Petitioner Sansone was indicted for willfully attempting to evade federal income taxes for the year 1957 in violation of § 7201 of the Internal Revenue Code of 1954. Section 7201 provides:

> "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution."

The following facts were established at trial. In March 1956 petitioner and his wife purchased a tract of land for $22,500 and simultaneously sold a portion of the tract for $20,000. In August 1957 petitioner sold another portion of the tract for $27,000. He did not report the gain on either the 1956 or 1957 sale in his income tax returns for those years.[1] Petitioner conceded that the 1957 transaction was reportable and that, in not reporting it, he understated his tax liability for that year by $2,456.48. He contended, however, that this understatement was not willful since he believed at the time that extensive repairs on a creek adjoining a portion of the tract he retained might be necessary and that the cost of these repairs might wipe out his profit on the 1957 sale.

To counter this defense, the Government introduced the following signed statement made by petitioner during the Treasury investigation of his tax return:

> "I did not report the 1957 sale in our joint income tax return for 1957 because I was burdened with a

---

[1] Petitioner was charged with a violation of § 7201 for 1956 in addition to the charge for 1957. The jury acquitted him with respect to the 1956 charge, which is consequently not involved in this case.

number of financial obligations and did not feel I could raise the money to pay any tax due. It was my intention to report all sales in a future year and pay the tax due. I knew that I should have reported the 1957 sale, but my wife did not know that it should have been reported. It was not my intention to evade the payment of our proper taxes and I intended to pay any additional taxes due when I was financially able to do so."

At the conclusion of the trial, petitioner requested that the jury be instructed that it could acquit him of the charged offense of willfully attempting to evade or defeat taxes in violation of § 7201, but still convict him of either or both of the asserted lesser-included offenses of willfully filing a fraudulent or false return, in violation of § 7207,[2] or willfully failing to pay his taxes at the time required by law, in violation of § 7203.[3] Section 7201 is a felony providing for a maximum fine of $10,000 and imprisonment for five years. Both §§ 7203 and 7207 are misdemeanors with maximum prison sentences of one year under each

---

[2] Section 7207 of the Internal Revenue Code of 1954 provides:

"Any person who willfully delivers or discloses to the Secretary or his delegate any list, return, account, statement, or other document, known by him to be fraudulent or to be false as to any material matter, shall be fined not more than $1,000, or imprisoned not more than 1 year, or both."

[3] Section 7203 of the Internal Revenue Code of 1954 provides:

"Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015 or section 6016), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution."

section, and maximum fines of $10,000 under § 7203 and $1,000 under § 7207.

The requested instructions were denied.[4] Petitioner was found guilty by the jury of violating § 7201, and was

---

[4] The full instructions requested by petitioner were as follows:

No. 1. "Under the law you may find a defendant guilty of a lesser crime than the crimes charged in the indictment.

"A statute upon which a lesser crime is based (Section 7203 of the Internal Revenue Code of 1954), omitting that part of the Act which does not apply in this case, reads as follows:

" 'Any person required under this title to pay any . . . tax, . . . who willfully fails to pay such tax, . . . at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor.'

"and then the statute provides for the penalty.

"Therefore, if you find beyond a reasonable doubt that (with respect to either or both of the counts in this indictment) the defendant willfully failed to pay the correct tax to the United States at the time of the filing of his return, but you further find that the defendant did not willfully attempt to defeat and evade his income taxes by the filing of a false and fraudulent return, you will in your verdict say 'Guilty of violating a lesser-included offense.'

"If you have a reasonable doubt as to whether defendant willfully failed to pay the correct tax when filing his income tax return or returns under any count or counts of this indictment, you will resolve the doubt in favor of the defendant and acquit him of the lesser-included offense as to such count or counts."

No. 2. "As I have said previously, the law permits the jury to find a defendant guilty of any lesser offense which is necessarily included in the crime charged. The offense charged in the indictment here necessarily includes a lesser offense based upon the following statute (Section 7207 of the Internal Revenue Code of 1954), omitting that part of the Act which does not apply in this case; it reads as follows:

" 'Any person who willfully delivers or discloses to the Secretary [of the Treasury] or his delegate any . . . return, . . . or other document known by him to be fraudulent or to be false as to any material matter,'

"and then the statute provides for the penalty.

"Therefore, if you find beyond a reasonable doubt that (with respect to either or both of the counts in this indictment) the defend-

sentenced by the court to pay a fine of $2,000 and to serve 15 months' imprisonment. The conviction was upheld by the Court of Appeals. 334 F. 2d 287. We granted certiorari to consider the applicability of the lesser-included offense doctrine to these federal tax statutes. 379 U. S. 886.

## I.

We are faced with the threshold question as to whether or not § 7207, which proscribes the willful filing with a Treasury official of any known false or fraudulent "return," applies to the filing of an income tax return.[5] If § 7207 does not apply to income tax returns, it is obvious that the defendant was not here entitled to a lesser-included offense charge based on that section.

This Court held in *Achilli* v. *United States*, 353 U. S. 373, that § 7207's statutory predecessor, § 3616 (a) of the Internal Revenue Code of 1939, which made it a misdemeanor for any person to deliver to the Collector of Revenue "any false or fraudulent list, return, account, or statement, *with intent to defeat or evade the*

ant willfully delivered to the District Director of Internal Revenue at St. Louis, Missouri his and his wife's federal joint income tax return or returns for the years 1956 and 1957 which were known by him to be fraudulent or false as to any material matter, but you further find that the defendant did not willfully attempt to defeat and evade his income tax by the filing of a false and fraudulent return, you will in your verdict say 'Guilty of violating a lesser-included offense.'

"If you have a reasonable doubt as to whether defendant willfully so delivered under any count or counts of this indictment his and his wife's federal joint income tax return or returns which were known by him to be fraudulent or false as to a material matter, you will resolve the doubt in favor of the defendant and acquit him of the lesser-included offense as to such count or counts."

[5] This issue divided the Court of Appeals, with two judges holding that § 7207 does not apply to false income tax returns and one judge, concurring in result, dissenting on this point.

*valuation, enumeration, or assessment intended to be made . . ."* (emphasis added), despite its broad language, was not intended by Congress to apply to income tax returns.

There were two major bases of this Court's conclusion in *Achilli* that § 3616 (a) did not apply to such returns. First, unlike other criminal provisions clearly applicable to income taxes which appeared in the income tax chapter of the 1939 Code and were specifically designed to punish evasion of that tax, § 3616 (a) was placed among the Code's "General Administrative Provisions" and did not specifically refer to income taxes. Second, § 3616 (a) required that the false or fraudulent return be filed "with intent to defeat or evade the valuation, enumeration, or assessment intended to be made." This provision, as the Court had already held in *Berra* v. *United States,* 351 U. S. 131, if applied to income tax returns would have made § 3616 (a) completely co-extensive with the predecessor of § 7201 where the attempt to evade income taxes was accomplished by filing a fraudulent income tax return. It was clear that the predecessor of § 7201 applied to this method of attempting to evade income taxes and the Court was unwilling to presume that Congress intended to enact both felony and misdemeanor provisions which completely overlap in this important area.

Both of these bases of decision were removed by the 1954 Code. Unlike their predecessors in the 1939 Code, §§ 7201, 7203, and 7207, together with other sections clearly applicable to income tax violations, were all placed in the same section (Part I of Chapter 75) of the 1954 Code. Congress specifically stated that it placed all these provisions in the same part of the Code because it wished them to apply to taxes generally, including income taxes. See S. Rep. No. 1622, 83d Cong., 2d Sess., 147; H. R. Rep.

No. 1337, 83d Cong., 2d Sess., 108.   In contrast, Part II of Chapter 75 contains provisions applicable only to specified taxes, none of which include income taxes.

Further, Congress, in enacting § 7207 did not re-enact § 3616 (a)'s requirement that the false or fraudulent return be made with "intent to defeat or evade" the tax due.   Thus the second basis for the Court's conclusion in *Achilli* that § 3616 (a) did not apply to income taxes was removed.   See *Berra v. United States, supra,* at 134, n. 5.   Finally, in providing that the false or fraudulent return be made "willfully," § 7207 was conformed to the language contained in the other misdemeanor provisions clearly applicable to income taxes.   See, *e. g.,* § 7203.

We conclude, therefore, that § 7207 applies to income tax violations.   Since there is no doubt that §§ 7201 and 7203 also apply to income tax violations, with obvious overlapping among them, there can be no doubt that the lesser-included offense doctrine applies to these statutes in an appropriate case.   See *Spies v. United States,* 317 U. S. 492, 495; *Berra v. United States, supra.*

## II.

The basic principles controlling whether or not a lesser-included offense charge should be given in a particular case have been settled by this Court.   Rule 31 (c) of the Federal Rules of Criminal Procedure provides, in relevant part, that the "defendant may be found guilty of an offense necessarily included in the offense charged." Thus, "[i]n a case where some of the elements of the crime charged themselves constitute a lesser crime, the defendant, if the evidence justifie[s] it . . . [is] entitled to an instruction which would permit a finding of guilt of the lesser offense." *Berra v. United States, supra,* at 134.   See *Stevenson v. United States,* 162 U. S. 313. But a lesser-offense charge is not proper where, on the

evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses. *Berra* v. *United States, supra; Sparf* v. *United States,* 156 U. S. 51, 63–64. In other words, the lesser offense must be included within but not, on the facts of the case, be completely encompassed by the greater. A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense. *Berra* v. *United States, supra; Sparf* v. *United States, supra,* at 63–64.[6] We now apply the principles declared in these cases to the instant case.

### III.

The offense here charged was a violation of § 7201, which proscribes willfully attempting in any manner to evade or defeat any tax imposed by the Internal Revenue Code. As this Court has recognized, this felony provision is "the capstone of a system of sanctions which singly or in combination were calculated to induce prompt and forthright fulfillment of every duty under the income tax law and to provide a penalty suitable to every degree of

---

[6] This Court has long recognized that to hold otherwise would only invite the jury to pick between the felony and the misdemeanor so as to determine the punishment to be imposed, a duty Congress has traditionally left to the judge. See *Sparf* v. *United States, supra,* at 63–64; *Berra* v. *United States, supra,* at 135. This general principle is particularly applicable in this area. In commenting on § 7201, the House Ways and Means Committee expressly stated that minimum penalties were omitted from § 7201 in order to make it "possible for the judges to better fix the penalties to fit the circumstances." H. R. Rep. No. 1337, 83d Cong., 2d Sess., 108. The lack of minimum penalties also, of course, denies to the prosecutor an unbridled discretion as to the penalty to be imposed upon particular defendants by deciding whether, on the same facts, to charge a felony or a misdemeanor.

delinquency." *Spies* v. *United States, supra,* at 497. As such a capstone, § 7201 necessarily includes among its elements actions which, if isolated from the others, constitute lesser offenses in this hierarchical system of sanctions. Therefore, if on the facts of a given case there are disputed issues of fact which would enable the jury rationally to find that, although all the elements of § 7201 have not been proved, all the elements of one or more lesser offenses have been, it is clear that the defendant is entitled to a lesser-included offense charge as to such lesser offenses.

As has been held by this Court, the elements of § 7201 are willfulness; the existence of a tax deficiency, *Lawn* v. *United States,* 355 U. S. 339, 361; *Spies* v. *United States, supra,* at 496; and an affirmative act constituting an evasion or attempted evasion of the tax, *Spies* v. *United States, supra.* In comparison, § 7203 makes it a misdemeanor willfully to fail to perform a number of specified acts at the time required by law—the one here relevant being the failure to pay a tax when due. This misdemeanor requires only willfulness and the omission of the required act—here the payment of the tax when due. As recognized by this Court in *Spies* v. *United States, supra,* at 499, the difference between a mere willful failure to pay a tax (or perform other enumerated actions) when due under § 7203 and a willful attempt to evade or defeat taxes under § 7201 is that the latter felony involves "some willful commission in addition to the willful omissions that make up the list of misdemeanors." Where there is, in a § 7201 prosecution, a disputed issue of fact as to the existence of the requisite affirmative commission in addition to the § 7203 omission, a defendant would, of course, be entitled to a lesser-included offense charge based on § 7203. Cf. *Spies* v. *United States, supra.* In this case, however, it is undisputed that petitioner filed

a tax return and that the petitioner's filing of a false tax return constituted a sufficient affirmative commission to satisfy that requirement of § 7201. The only issue at trial was whether petitioner's act was willful. Given this affirmative commission and the conceded tax deficiency, if petitioner's act was willful, that is, if the jury believed, as it obviously did, that he knew that the capital gain on the sale of the property was reportable in 1957, he was guilty of violating both §§ 7201 and 7203. If his act was not willful, he was not guilty of violating either § 7201 or § 7203. Thus on the facts of this case, §§ 7201 and 7203 "covered precisely the same ground." *Berra* v. *United States, supra,* at 134. This being so, on the authorities cited, it is clear that petitioner was not entitled to a lesser-included offense charge based on § 7203.

Section 7207 requires the willful filing of a document known to be false or fraudulent in any material manner. The elements here involved are willfulness and the commission of the prohibited act. Section 7207 does not, however, require that the act be done as an attempt to evade or defeat taxes. Conduct could therefore violate § 7207 without violating § 7201 where the false statement, though material, does not constitute an attempt to evade or defeat taxation because it does not have the requisite effect of reducing the stated tax liability. This may be the case, for example, where a taxpayer understates his gross receipts and he offsets this by also understating his deductible expenses. In this example, if the Government in a § 7201 case charged tax evasion on the grounds that the defendant had understated his tax by understating his gross receipts, and the defendant contended that this was not so, as the misstatement of gross receipts had been offset by an understatement of deductible expenses, the defendant would be entitled to a lesser-

included offense charge based on § 7207, there being this relevant disputed issue of fact. This would be so, for in such a case, if the jury believed that an understatement of deductible expenses had offset the understatement of gross receipts, while the defendant would have violated § 7207 by willfully making a material false and fraudulent statement on his return, he would not have violated § 7201 as there would not have been the requisite § 7201 element of a tax deficiency. Here, however, there is no dispute that petitioner's material misstatement resulted in a tax deficiency. Thus there is no disputed issue of fact concerning the existence of an element required for conviction of § 7201 but not required for conviction of § 7207. Given petitioner's material misstatement which resulted in a tax deficiency, if, as the jury obviously found, petitioner's act was willful in the sense that he knew that he should have reported more income than he did for the year 1957, he was guilty of violating both §§ 7201 and 7207. If his action was not willful, he was guilty of violating neither. As was true with § 7203, on the facts of this case §§ 7201 and 7207 "covered precisely the same ground," *Berra* v. *United States, supra,* at 134, and thus petitioner was not entitled to a lesser-included offense charge based on § 7207.

Petitioner makes one final contention. He argues that he could have been acquitted of attempting to evade or defeat his 1957 taxes, in violation of § 7201, but still have been convicted for willfully failing to pay his tax when due in violation of § 7203 or willfully filing a fraudulent return in violation of § 7207, if the jury believed his statement contained in the government-introduced affidavit, that, although he knew that profit on the sale in question was reportable for 1957 and that tax was due thereon, he intended to report the sale and pay the 1957 tax at some unspecified future date. The basic premise of this argu-

ment is that, although all three sections require willfulness, on the facts here, the contents of these willfulness requirements differ. The argument is made that while an intent to report and pay the tax in the future does not vitiate the willfulness requirements of §§ 7203 and 7207, it does constitute a defense to a willful attempt "in any manner to evade or defeat any tax imposed by" the Internal Revenue Code, in violation of § 7201. While we agree that the intent to report the income and pay the tax sometime in the future does not vitiate the willfulness required by §§ 7203 and 7207, we cannot agree that it vitiates the willfulness requirement of § 7201.

No defense to a § 7201 evasion charge is made out by showing that the defendant willfully and fraudulently understated his tax liability for the year involved but intended to report the income and pay the tax at some later time. As this Court has recognized, § 7201 includes the offense of willfully attempting to evade or defeat the *assessment* of a tax as well as the offense of willfully attempting to evade or defeat the *payment* of a tax. *Lawn* v. *United States, supra.* The indictment here charged an attempt to evade income taxes by defeating the assessment for 1957. The fact that petitioner stated to a revenue agent that he intended to report his 1957 income in some later year, even if taken at face value, would not detract from the criminality of his willful act defeating the 1957 assessment. That crime was complete as soon as the false and fraudulent understatement of taxes (assuming, of course, that there was in fact a deficiency) was filed. See *United States* v. *Beacon Brass Co.,* 344 U. S. 43, 46. See also *Spies* v. *United States, supra,* at 498–499.

In sum, it is clear here that there were no disputed issues of fact which would justify instructing the jury that it could find that petitioner had committed all the ele-

ments of either or both of the §§ 7203 and 7207 misdemeanors without having committed a violation of the § 7201 felony. This being the case, the petitioner was not entitled to a lesser-included offense charge and the judgment of the Court of Appeals is

*Affirmed.*

MR. JUSTICE BLACK and MR. JUSTICE DOUGLAS dissent, believing that there was evidence sufficient to require the Court to charge the jury, as petitioner requested, that they could acquit him on this felony charge of having willfully attempted to evade or defeat taxes in violation of § 7201 but still convict him of the lesser misdemeanor offenses included in the felony charge. See *Berra* v. *United States,* 351 U. S. 131, 135 (dissenting opinion). Cf. *Achilli* v. *United States,* 353 U. S. 373, 379 (dissenting opinion).