THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JOSÉ FIGUEROA FIGUEROA, Defendant and Appellant.

No. CR-70-114.　　　Decided November 9, 1971.

*Enrique Miranda Merced* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Jorge Ríos Torres, Assistant Solicitor General,* for The People.

MR. JUSTICE MARTÍNEZ MUÑOZ delivered the opinion of the Court.

Appellant was accused of committing rape upon a female who was not his wife, without her consent, against her will and making use therefor of force, violence, and intimidation. That is the information. A jury found him guilty of said offense through a vote of eleven (11) to one (1) and he was sentenced to serve from 1 to 5 years imprisonment.

He assigns three errors as committed by the trial court. The first refers to the evidence of corroboration presented, evidence which in his opinion was insufficient because it was hearsay evidence and it was not part of the *res gestae,* since the statements of the prosecutrix to the witness were not delivered with the required ". . . degree of spontaneity and sincerity. . . ."

The first error assigned was not committed. The events took place at about 3:00 a.m. in the house of the prosecutrix, who lived alone with her small daughter in the Ward San José of Hato Rey. At that time the prosecutrix was sleeping. She heard someone knocking at the door. What follows is a correct summary of the testimonies of the prosecutrix and of

the witness for corroboration which we have adopted from the Solicitor General's report:

"She went to the door thinking that it was her husband, from whom she had been separated for a period of 2 years and when she opened the door she encountered defendant-appellant. (Tr. Ev. p. 24.) The latter, upon seeing her, pushed her, taking her by force to the bedroom and there he threw her on the bed. With the impact the bed turned over and fell to the floor. Appellant then took her to the living room. (Tr. Ev. pp. 25 and 34.) The prosecutrix tried to scream but appellant covered her mouth with the hand, inflicting her later several blows on different parts of the body. (Tr. Ev. p. 26.) Then he threatened her with a screwdriver with which he wounded her on her chest. Under those circumstances he raped her. (Tr. Ev. p. 32.) During the commission of the offense the appellant remained in the prosecutrix' house for a period of nearly half an hour after which he fled.

"The prosecutrix remained in the house for a period of nearly two hours, time during which she said to be 'stunned and dizzy' as a result of the blows received and at about 6:00 a.m. she went out to inform her neighbor Epifania García. (Tr. Ev. p. 65.) When her neighbor saw her wrapped up in a towel she asked her what was the matter with her and the prosecutrix told her what had happened. She identified her aggressor as 'Banda Blanca,' nickname by which defendant-appellant is known. (Tr. Ev. p. 70.)

"Then a police patrol vehicle went by and the prosecutrix stopped it and told the policemen what had happened. (Tr. Ev. p. 38.)

"The witness Epifania García testified that she is the prosecutrix' neighbor. (Tr. Ev. p. 57.) That on December 6, 1968, at about 6:00 a.m. she opened the door of her house and saw the prosecutrix standing at the door of her home (Tr. Ev. p. 60), the prosecutrix showed several blows on her body and almost couldn't talk. (Tr. Ev. p. 61.) The latter told her that the defendant had 'abused her by force.' (Tr. Ev. pp. 71–74.) That the prosecutrix told her that it had been 'Banda Blanca' whom the witness pointed out as the defendant-appellant."

■ The contemporaneous and spontaneous element was present in the testimony for corroboration. The time elapsed between the occurrence of the facts and the utterances which are considered part of the *res gestae*, is not the controlling factor to determine the applicability of the doctrine. *People v. De Jesús Cruz*, 94 P.R.R. 170, 177 (1967).

The prosecutrix informed her neighbor what had happened two and a half hours after the events, when she was still in a frame of mind "that she almost couldn't talk" (Tr. Ev. p. 61), and later to the policemen who went to investigate the complaint received (Tr. Ev. pp. 77–78). It has not been established that there was here an "open disregard or plain departure from the principle involved" to justify our intervention. *People v. Calventy*, 34 P.R.R. 375, 377 (1925).

In the second assignment of error appellant challenges the following instruction of the trial court to the jury (Tr. Ev. p. 113):

"The testimony of Epifania García Cartagena, if believed by you beyond reasonable doubt, would be sufficient evidence of corroboration in the instant case.

"The statements of persons to whom the prosecutrix complained of the wrong done to her immediately after the commission of the offense are sufficient to corroborate her testimony."

Appellant contends that it is incumbent upon the jury, and not upon the judge, to make the determination on the *sufficiency* of the evidence of corroboration; that the instruction was tantamount to relieving the jury from having to make said determination; and that the trial court erred in relieving the jury from fulfilling that duty and letting the judge perform it, instead of the jury.

Appellant emphasizes only the above-copied part of the instruction. But the latter having been examined in its entirety, the instruction does not have the effect which appellant finds. The instruction of the judge regarding the requirement of corroboration starts by saying that the defendant

cannot be convicted upon the sole testimony of the prosecutrix; that it is necessary that the prosecutrix' testimony be corroborated by another testimony, which in itself, and without taking into consideration the prosecutrix' testimony, tends to connect the defendant with the commission of the offense (Tr. Ev. p. 113). The judge continues his instructions by telling the jury that the corroboration would not be sufficient if it only proves the commission of the offense or the circumstances of the same. He tells them also, that that evidence should center on two essential points: (1) that the penetration or sexual act was committed through force and violence; and (2) to try to establish and connect the defendant with the commission of the facts.

▪ The two essential elements of the offense—carnal knowledge and the use of threats, force or violence—were object of the instruction. That is what is required. *People* v. *Colón*, 81 P.R.R. 788, 795 (1960). Whether there is any evidence of corroboration to connect the defendant with the essential elements of the offense of rape is a question of law incumbent upon the judge. 3 Wharton, *Criminal Evidence* 410, § 958:

"Generally speaking, the sufficiency of the corroborative evidence is a question for the jury, but whether there is any corroborative evidence tending to connect the defendant with the commission of the crime is a question for the court."

▪ The judge did not tell the jury that the evidence of corroboration *is* sufficient, but that it *would be* sufficient evidence of corroboration *"if believed by you beyond reasonable doubt."* The essential elements of the offense charged are present in the evidence of corroboration. If believed by the jury, as evidently it was, it is sufficient to support appellant's conviction for the offense of rape. The second error was not committed.

In his third and last assignment, appellant maintains that the court committed error in denying him a request in the sense that the jury be charged on a possible verdict of aggravated assault and battery. The instruction requested by the defense and denied by the judge reads thus:

"If you believe that the defendant did not have sexual relations with the alleged prosecutrix against the latter's will but that on said occasion he assaulted her it is your duty to bring a verdict of not guilty in the case of rape but of guilty of the offense of assault and battery."

Appellant, according to the information, had sexual relations with a female without her consent, against her will, and making use therefor of force, violence and intimidation. Section 255 of the Penal Code, 33 L.P.R.A. § 961. Assault and battery is the use of any unlawful violence upon the person of another with the intent to injure him, whatever be the means or the degree of violence used, 33 L.P.R.A. § 821. It is aggravated, among other situations, when the person committing the offense goes into the house of a private family, or when it is committed by an adult male upon the person of a female, 33 L.P.R.A. § 826(3) and (5). The rape necessarily involves an assault against a woman. The aggravated assault and battery, under the modality of subsection (5), contains all the elements of rape except the carnal knowledge, and it is punished with a fine of not less than $50 nor more than $1,000 or imprisonment in jail for not less than one month nor more than two years, or by both penalties, fine and imprisonment, 33 L.P.R.A. § 828.

Rape is punished by imprisonment in the penitentiary for a minimum term of one year, § 258, Penal Code; 33 L.P.R.A. § 964. The assault and battery is, then, a lesser offense which is included within the offense of rape charged against appellant. Under certain circumstances, which, as we shall see, are not present in the case at bar, a verdict of

aggravated assault and battery may arise within a prosecution for the offense of rape.

Rule 147 of the Rules of Criminal Procedure provides:

"The defendant may be found guilty of any lesser offense the commission of which is *necessarily* included in that with which he is charged; or of a lesser offense than that with which he is charged; or of an attempt to commit either the offense charged or any offense the commission of which is necessarily included therein, or of any degree thereof, if the attempt constitutes in itself, an offense." (Italics ours.)

Appellant did not present evidence for the defense. But he maintains that notwithstanding that he was entitled to the instruction on a possible verdict of aggravated assault and battery. Such contention is based, in summary, on the fact that his plea of not guilty raised a dispute between all and each one of the elements of the offense of rape charged and that it is incumbent upon the prosecuting attorney to establish positively all those elements beyond reasonable doubt and upon the jury to pass upon each one of the evidentiary elements, adopting some, not believing others, irrespective of the fact that they had been divulged by only one witness or by more than one. In other words, that the jury could believe one witness and not the other, and even reject part of his testimony adopting the rest of his testimony as to one of the elements of the offense; to believe that there was assault, and to have doubt as to whether or not there was carnal knowledge or, even believing it, to determine that the resistance offered by the victim, and that the latter was overcome through force, essential elements of the offense, were not established beyond reasonable doubt.

■ The need of instructions to the jury concerning the possibility of verdicts for lesser offenses necessarily included within the higher offense charged arises when there is *evidence warranting it*. That is the rule which prevails here. It is set forth in *People* v. *Burgos*, 76 P.R.R. 187, 190 (1954):

"The instructions, besides covering all the elements of the crime, should also cover, *if there is evidence warranting such instructions,* the circumstances surrounding crimes of lesser degrees than the crime charged or embraced therein."

.    .    .    .    .    .    .    .

"Any defense alleged by defendant and supported by relevant evidence which raises an issue of fact favorable to him must be covered by the instructions setting forth the applicable law."

In this jurisdiction there has been no departure whatsoever from said rule. See *People* v. *Jiménez,* 78 P.R.R. 7 (1955); *People* v. *Arce Valentín,* 88 P.R.R. 842 (1963); *People* v. *Del Valle,* 91 P.R.R. 167 (1964); *People* v. *Tufiño Cruz,* 96 P.R.R. 219 (1968); *People* v. *Pantoja Aguayo,* 97 P.R.R. 230 (1969); *People* v. *Domenech Meléndez,* 98 P.R.R. 63 (1969).

Construing Rule 31(c) of the Federal Rules of Criminal Procedure,[1] equivalent to our Rule 147, the Supreme Court of the United States in *Sansone* v. *United States,* 380 U.S. 343, 349–350 (1964), follows the same rule when it holds that:

"A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense."[2]

---

[1] Rule 31(c) reads thus:

"(c) Conviction of Less Offense. The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."

[2] The opinion of the Court, through former Justice Goldberg adds that ". . . to hold otherwise would only invite the jury to pick between the felony and the misdemeanor so as to determine the punishment to be imposed, a duty Congress has traditionally left to the judge." *Sansone* v. *United States, supra* at p. 350, footnote 6. See *People* v. *Mussenden,* 308 N.Y. 558, 127 N.E.2d 551 (1955), in whose opinion it was recognized that an opposed principle would invite the undesirable result of returning a compromise or unwarranted verdict. In a study of the theme, under the title *Submission of Lesser Crimes* which appears at 56 Colum. L. Rev. 888–902 (1956), it is said at p. 898: "That is a valid criticism, even from the accused's viewpoint—submission of lesser offenses may prejudice him by

■ The Court of Appeals of the First Federal Circuit held that the trial court did not commit error by refusing to give an instruction requested by the defense concerning a lesser offense included within a higher offense charged when the evidence, in regard to four of the five codefendants, had not been controverted by the latter. The Court of Appeals in *Driscoll* v. *United States,* 356 F.2d 324 (1966), at page 327 stated thus:

"We take *Sansone* to mean that when the government has made out a compelling case, uncontroverted on the evidence, on an element required for the charged offense but not for the lesser-included offense, *there is a duty on defendant to come forward with some evidence* on that issue if he wishes to have the benefit of a lesser-included offense charge. To put it another way, while a judge cannot prevent a jury from rejecting the prosecution's entire case, he is not obligated, under these circumstances, to assist a jury in coming to an irrational conclusion of partial acceptance and partial rejection of the prosecution's case by giving a lesser-included offense instruction. Two prerequisites seem vital: that there be no factual dispute and that a finding contrary to the only evidence on the issue would be irrational." (Italics ours.)

In the case at bar the evidence was not controverted and it fully established all the elements of the offense of rape charged. The evidence did not justify the instruction regarding the lesser offense.

The judgment appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate in the decision of this case.

---

permitting the jury to punish for vague intimations of wrong-doing, though they have not properly found him guilty of any crime. It has also been said that instructing the jury on included crimes when the evidence indicates guilt of the greater is likely to confuse them."