UNITED STATES, Appellee,

v.

Private (E-1) James E. IRELAND, SSN
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, United States
Army, Appellant.

CM 442766.

U. S. Army Court of Military Review.

15 March 1983.

Lieutenant Colonel R. Rex Brookshire, II, JAGC, Major Robert C. Rhodes, JAGC, and Captain John Lukjanowicz, JAGC, were on the pleadings for the appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Thomas C. Curtis, JAGC, and Captain Arthur L. Passar, JAGC, were on the pleadings for the appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

OPINION OF THE COURT

FOREMAN, Judge:

Contrary to his pleas, the appellant was convicted of stealing an automobile, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1976). In accordance with his pleas of guilty, he was convicted of three other larcenies and twenty-six specifications of uttering worthless checks, in violation of Articles 121 and 123a, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 923a (1976). His approved sentence provides for a dishonorable discharge, confinement at hard labor for six years and forfeiture of all pay and allowances.

The appellant contends that the military judge erred by refusing to instruct the court members on the lesser included offense of wrongful appropriation of an automobile. We find the assignment of error without merit.

The owner of the automobile testified that he parked the automobile at his place of work in Schwaebisch Gmuend, placed the

keys in his jacket pocket and hung the jacket in an employee lounge area. After work, the owner found his jacket, keys and automobile missing. The civilian police found his automobile wrecked alongside a highway outside Schwaebisch Gmuend and took the appellant into custody at the scene of the accident. The appellant's unit commander, a Major Pasquett, testified that the appellant admitted driving the automobile and wrecking it, but denied having stolen it. Major Pasquett further testified that the appellant claimed that he received a ride from the owner of the automobile, they stopped at a bar for a few drinks, he asked the owner if he could borrow the automobile for a test run, the owner agreed, and while driving the automobile with the owner's permission he lost control and wrecked it.

The defense presented no evidence. However, the trial defense counsel requested that the military judge instruct the court members on the lesser included offense of wrongful appropriation. The military judge denied the request. We hold that the lesser included offense was not reasonably raised by the evidence and that the military judge correctly denied the request.

■ A lesser included offense instruction is required only where the charged greater offense requires the fact finders to find a disputed element which is not required for conviction of the lesser included offense. *Sansone v. United States,* 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965); *United States v. Jackson,* 12 M.J. 163, 167 (CMA 1981). It makes no difference from what source evidence is presented to raise a lesser included offense. The government's own evidence may be sufficient to raise the issue. *See United States v. Jackson, supra; United States v. Wooten,* 13 U.S.C.M.A. 171, 32 C.M.R. 171 (1962). However, an issue is not disputed merely because the fact finder is free to disbelieve credible and unrebutted testimony. *United States v. Jackson, supra; United States v. Waldron,* 11 M.J. 36, 37 n. 1 (CMA 1981); *United States v. Harary,* 457 F.2d 471, 477 (2nd Cir.1972); *United States v. Markis,* 352

F.2d 860, 867 (2nd Cir.1965), *vacated on other grounds,* 387 U.S. 425, 87 S.Ct. 1709, 18 L.Ed.2d 864 (1967). When the government has presented uncontroverted evidence on an element required for the charged offense but not for the lesser included offense, there is a duty on the accused to come forward with some evidence on that element if he wishes to have the benefit of an instruction on the lesser included offense. *United States v. Jackson,* 12 M.J. at 167; *Driscoll v. United States,* 356 F.2d 324, 327 (1st Cir.1966), *vacated on other grounds,* 390 U.S. 202, 88 S.Ct. 899, 19 L.Ed.2d 1034 (1968).

■ We do not believe that the appellant's assertion to his unit commander that he "borrowed" the automobile raises the lesser included offense of wrongful appropriation. Such evidence raised an issue as to the wrongfulness of the taking, but not as to the appellant's intent. The military judge correctly characterized the evidentiary posture of the case as "all or nothing." The court members could either believe that the appellant borrowed the automobile with the owner's permission, or they could believe that the appellant stole it. They had no rational basis to disbelieve that part of the appellant's statement claiming that he had permission to use the vehicle but to then conclude that, having wrongfully taken the owner's jacket, keys and automobile, he intended only temporarily to deprive the owner of the vehicle. At no time did the appellant make such a claim. Nothing in the evidence suggests such a conclusion. The military judge is not required to assist the court members "in coming to an irrational conclusion of partial acceptance and partial rejection of the [government's] case by giving a lesser-included offense instruction." *Driscoll v. United States,* 356 F.2d at 327. *United States v. Jackson,* 12 M.J. at 167.

The remaining assignment of error is likewise without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge O'DONNELL and Judge WERNER concur.