845 F.2d 327
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jackie L. CASEY, Defendant-Appellant.
 No. 87-5801.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1988.
 
 Before RYAN, Circuit Judge, BAILEY BROWN and JOHN W. PECK, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 After a jury trial, defendant-appellant Jackie Casey was found guilty of filing false and fraudulent tax returns. The preceding indictment related to Casey's 1980 and 1981 joint tax returns (Casey's wife was not charged), and involved allegations that Casey owed taxes of $3,972 for 1980 and $9,242 for 1981. Casey's tax return for 1980 reported a loss of $17,083; the tax return for 1981 reported a loss of $11,772.
 
 
 2
 The government believed that Casey had a large taxable income from self-employment as an owner of a used automobile business. The government theorized that all of the money handled by Casey and his proprietorship was deposited in the bank. There was no suggestion that any cash was received by him and secreted. The government's "bank deposit" method of proof attempted to track all of the money going into the bank, all of the business expenses and other deductions incurred by the defendant, and all other money coming out of the bank. Under the government's method of proof the excess, if not deductible, must have been taxable income. The government also produced testimony that the Caseys had purchased a fairly expensive home in Memphis during 1981, had filled out a loan application showing an income of $9,250 per month, put down a $62,000 down payment on a house (without selling their previous house) and kept up a $1,200 monthly mortgage payment through the time period in which Casey was reporting an income loss.
 
 
 3
 Casey did not keep standard books in his automobile business but maintained his records on a set of envelopes. Casey alleges that he used an envelope for every automobile sold. He wrote the purchase price on the front and kept the title, and a bill of sale, etc. on the inside of the envelope. When the car was sold, Casey wrote the sale price on the front of the envelope and then transferred the appropriate papers.
 
 
 4
 After an investigation, an IRS agent determined that Casey's sales records on the envelopes for 1980 and 1981 corresponded with Casey's tax returns. However, large discrepancies were discovered because Casey's deposits to his bank accounts far exceeded the records on the envelopes. The IRS agent found that Casey had purchased more cars than his records and tax returns indicated, and therefore had underreported his taxes due.
 
 
 5
 Appellant Casey argues that the government's "bank deposit" method is based on wholly circumstantial proof and creates an unfair presumption that any discrepancy between the deposits and the tax returns are willful discrepancies and therefore fraudulent. Appellant claims that, under this method of proof, the burden is unfairly on the defendant to rebut this presumption and show that certain funds were being held for another and/or that other moneys were not income to him. Any discrepancy remaining at that point must be shown by defendant to be a result of error.
 
 
 6
 Casey further alleged that, even though his property assets had increased through the 1970's, he lost money in the late 1970's and early 1980's due to an increasingly depressed economy in the small town in which he lived. Casey claims he also lost money in a business arrangement with his father. Casey argues that the IRS had not done a careful job investigating his returns and that any misreporting on his part was from inadvertent error and was not willful.
 
 
 7
 The elements of attempted income tax evasion, 26 U.S.C. Sec. 7201, are: (1) the existence of a tax deficiency, (2) willfulness in attempted evasion of taxes, and (3) an affirmative act constituting an evasion or attempted evasion. Sansone v. United States, 380 U.S. 343, 351 (1965); United States v. Garavaglia, 566 F.2d 1056, 1057 (6th Cir.1977). Appellant's central argument on appeal is that the government failed to prove "willfulness." Viewing the evidence in the light most favorable to the government, we conclude that a reasonable mind could have found that the relevant evidence was adequate to support a conviction of willful tax evasion.
 
 
 8
 The appellant argues that the government's proof of willfulness was largely circumstantial. This, however, does not serve as a basis for a claim that the evidence at trial was insufficient to support Casey's conviction. A conviction may be sustained even when proof of willfulness is entirely circumstantial. See Grumka, supra, 729 F.2d at 797, see also United States v. Marabelles, 724 F.2d 1374 (9th Cir.1984) ("Although direct proof of a taxpayer's intent to evade taxes is rarely available, willfulness may be inferred by the trier of fact from all the facts and circumstances of the attempted understatement of tax."). The evidence that the government produced concerning discrepancies in Casey's bank deposits, substantial down payments on a house, inconsistent statements on a bank loan application, etc. when viewed in their entirety are sufficient to support a jury conviction.[1]
 
 
 9
 For the above stated reasons we AFFIRM the judgment of the district court.
 
 
 
 [1]
 We also find appellant's argument concerning the trial court's error in refusing to permit surrebuttal testimony to be without merit