985 F.2d 562
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles JONES and Calvin Lyons, Defendants-Appellants.
 Nos. 92-5272, 92-5273.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1993.
 
 Before KENNEDY, BOYCE F. MARTIN, Jr., and SURHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles Jones and Calvin Lyons were each convicted by a jury of conspiracy to possess cocaine with intent to distribute, 21 U.S.C. § 846, and possession of cocaine with intent to distribute, 21 U.S.C. §§ 812, 841(a)(1). Lyons appeals his conviction on two grounds: (1) the prosecution did not present sufficient evidence for a conviction; and (2) the district court did not allow Lyons to interview a confidential informant. Jones appeals his conviction on two grounds: (1) the prosecution did not present sufficient evidence for a conviction; and (2) the district court should have included an instruction on a lesser included offense. Jones also appeals the district court's denial of his request to have the sentence imposed in this case run concurrently with an unrelated, previous sentence for an offense committed against the State of Tennessee.
 
 
 2
 On July 19, 1990, Eric Patton, a narcotics agent employed by the Tennessee Bureau of Investigation, was investigating Calvin Lyons as a possible seller of illegal narcotics. Patton and an informant went to Charles Jones' house to see if they could make a contact with Calvin Lyons. Patton told Jones that he wanted to buy cocaine. Patton, Jones, and the informant then went by car to an apartment complex. Jones entered the complex on his own, then returned to the car and said that Lyons would meet them at Peggy's Place, a local establishment. Patton, Jones, and the informant then went to Peggy's Place and Lyons arrived shortly thereafter. Jones met with Lyons at the rear of Patton's car and Lyons handed Jones a package. Jones took the package to Patton. Patton asked Jones how much the package would cost and Jones returned to Lyons. They spoke, and Jones returned to Patton and said that the cost was $750. Patton gave Jones $800, who went back to Lyons, and Jones returned to Patton with $50. Lyons then left the area and Patton gave Jones $20. The package contained six grams of cocaine base. Lyons and Jones were subsequently arrested and indicted for conspiracy to possess cocaine with intent to distribute and possession of cocaine with intent to distribute.
 
 
 3
 On October 30, 1991, Lyons moved to force the disclosure of the identity of the informant who had travelled with Patton and Jones to the meeting with Lyons. The district court rejected Lyons' motion on December 5, 1991. On December 11, 1991, immediately before the trial, however, the district court decided to allow the defendants' attorneys to interview the informant. The court recessed to give the attorneys an opportunity to interview the informant. The district court stated, "I'm not going to give you any certain time. You take whatever time you need." The court then recessed for approximately one hour. After the interview, the trial proceeded. Neither the government nor the defendants called the informant as a witness. After the presentation of all evidence, Jones requested that the jury receive an instruction on the offense of mere possession of cocaine, a lesser included offense to the offense of possession with intent to distribute. The district court refused Jones' request. The jury returned a verdict against each defendant on both counts. At sentencing, Jones requested that his sentence for the crimes in this case run concurrently with a sentence that he was serving in state prison for an unrelated crime. The district court denied the request, rather than ordering a concurrent sentence.
 
 
 4
 Contrary to the defendants' arguments, the prosecution presented sufficient evidence for a rational jury to convict each defendant of both counts charged in the indictment. Under Jackson v. Virginia, 443 U.S. 307 (1979), the prosecution must present sufficient evidence for a rational trier of fact to determine beyond a reasonable doubt that the defendant is guilty. In this case, the jury had the opportunity to hear the evidence and determine that Jones and Lyons conspired to distribute cocaine and that each possessed cocaine with the intent to distribute. Testimony at trial established that Jones took Patton to see Lyons, knowing that Patton desired to purchase cocaine. The evidence also showed that Jones arranged for Lyons to bring cocaine to the meeting and that Jones acted as intermediary between Patton and Lyons. The evidence also showed that Lyons arranged through Jones to sell cocaine to Patton. Jones received money from Patton for arranging the meeting with Patton and for delivering the cocaine to Patton. A rational trier of fact could determine that Lyons and Jones conspired to distribute cocaine and that each possessed cocaine with intent to distribute it.
 
 
 5
 The district court's decision on December 5, 1991 to refuse to allow the defendants to interview the informant or to know of his or her identity was not error that is reviewable because the court gave the defendants an opportunity to interview the informant on December 11, 1991. The district court specifically said that it would not limit the amount of time that the defendants would have to interview the informant. In addition, the defendants did not move for a continuance to pursue further investigation based upon their interview with the informant. Therefore, any error that may have existed in refusing to allow the defendants to interview the informant was cured by the district court's reversal of its initial decision. Of course, if a court allows only a brief, hurried interview with an informant or if a court rejects a motion for a continuance in light of information gained in an interview, then the district court's initial refusal to allow an interview with an informant may be reversible error. No such circumstances were present in this case.
 
 
 6
 The district court's refusal to give the jury an instruction which described the lesser included offense of mere possession was not error. Under Keeble v. United States, 412 U.S. 205, 208 (1973), "... it is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." However, there is a precondition to determining that an instruction on a lesser included offense is required: there must be disputed issues of fact that would allow a rational jury to acquit the defendant of the greater charge. See Sansone v. United States, 380 U.S. 343, 351 (1965) (rational jury must be able to find that all the facts of the greater offense have not been proven). In this case, no rational jury could decide that Jones did not intend to distribute cocaine. Upon being told that Patton wanted to buy cocaine, Jones arranged for a meeting between Patton and Lyons. Jones acted as the relay between Patton and Lyons, carrying the cocaine to Patton and the money to Lyons. Jones accepted payment for arranging the meeting between Lyons and Patton and for carrying the cocaine between Lyons and Patton. No rational jury could find that Jones did not conspire to distribute cocaine or possess cocaine with the intent to distribute it. Therefore, no instruction on the lesser included offense of mere possession of cocaine was warranted by the facts or mandated by law.
 
 
 7
 Finally, the district court did not err by refusing to allow Jones' sentence to run concurrently with a sentence that he is presently serving in Tennessee prison on Tennessee charges. A trial judge has discretion whether to allow a defendant's sentence to run concurrently or consecutively with another sentence if the defendant's second crime did not occur while serving his sentence for the first crime. The statute provides, "If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively,...." 18 U.S.C. § 3584 (1991) (emphasis added). The standard of review of a district court's decision to impose a sentence concurrently or consecutively is whether the district court abused its discretion. The trial court in this case did not abuse its discretion when it ordered Jones' sentence to begin after Jones completes his sentence in Tennessee prison for crimes he has committed which are unconnected to this case.
 
 
 8
 For the foregoing reasons, the judgment of the district court is affirmed.