**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mohamed Y. KHALAF, Defendant–Appellant.**

No. 00–10342.
D.C. No. CR–99–40077–CW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 13, 2001.

Decided March 7, 2002.

Before POLITZ,* KOZINSKI, and O'SCANNLAIN, Circuit Judges.

## MEMORANDUM **

Mohamed Khalaf appeals his convictions of three counts of tax evasion for the tax years 1992, 1993 and 1994. Finding no error in the district court proceedings and the evidence presented by the government sufficient to support the jury's verdict, we affirm.

## ANALYSIS

To convict Khalaf under 26 U.S.C. § 7201, the government was required to prove beyond a reasonable doubt that: (1) there was a tax deficiency; (2) Khalaf wilfully attempted to evade the tax; and (3) he committed some affirmative act as a prelude to that end.[1] Khalaf's points of error, as raised on appeal, all relate to the tax deficiency element.

*Khalaf's Proposed Jury Instruction*

Khalaf contends that the trial court erred in refusing to instruct the jury on his defense of sham transaction. We re-view whether the instructions as given adequately covered Khalaf's proffered defense.[2]

A transaction is a sham for tax purposes if it has no "practical economic effects other than the creation of income tax losses."[3] We have adopted a two-part test for determining whether a transaction has practical economic effects outside of creating tax losses: (1) whether the taxpayer had a business purpose for engaging in the transaction other than tax avoidance; and (2) whether the transaction had economic substance beyond the creation of tax benefits.[4] The business purpose prong examines the subjective factors motivating a taxpayer to make the transaction at issue.[5] The economic substance prong asks "whether from an objective standpoint the transaction was likely to produce economic benefits aside from a tax deduction."[6]

■ Khalaf asserts that the bonus and interest payments were motivated solely by tax concerns and thus do not constitute taxable income, and therefore, could not have resulted in a deficiency. We are not persuaded. The district court did not err in denying Khalaf's proposed jury instruction because the instruction did not accurately state the law. While Khalaf's instruction asked the jury to determine whether the transaction had economic substance, it ignored the second prong by failing to ask the jury to determine wheth-

---

\* Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Sansone v. United States,* 380 U.S. 343, 351, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965); *see also United States v. Miller,* 545 F.2d 1204, 1212 (9th Cir.1976).

2. *United States v. Mason,* 902 F.2d 1434, 1438 (9th Cir.1990).

3. *Casebeer v. Comm'r,* 909 F.2d 1360, 1363 (9th Cir.1990).

4. *Id.*

5. *Bail Bonds by Marvin Nelson, Inc. v. Comm'r,* 820 F.2d 1543, 1549 (9th Cir.1987).

6. *Id.*

er he had a business purpose for entering into the transaction. In the instant action, there was a substantial dispute as to both factors. Khalaf's proposed instruction would, therefore, have left the jury unable to answer the broader question of "whether the transaction had any practical economic effects other than the creation of income tax losses." [7]

*Sufficiency of the Evidence*

Khalaf contends that the evidence was insufficient to establish a tax deficiency, a necessary element under 26 U.S.C. § 7201. In determining whether the government's evidence is sufficient to support the jury's verdict against Khalaf, we examine the evidence in the light most favorable to the prosecution and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." [8] "All reasonable inferences from the evidence must be drawn favorably to the Government as the prevailing party." [9]

■ Khalaf claims that the government's only evidence on this point was contained in North Coast's corporate minutes and promissory notes, which did not exist at the time of the transactions. As discussed above, however, the record establishes that Khalaf actually received bonus and interest payments in 1992 and 1993, and constructively received income in 1994.[10] Khalaf failed to report substantial amounts of income on his tax returns for three years, resulting in substantial tax deficiencies in 1992, 1993 and 1994.

*Evidence of Additional Income Received by Khalaf*

Khalaf was indicted on three counts of income tax evasion for the years 1992, 1993 and 1994, under 26 U.S.C. § 7201. The indictment contained specific amounts of tax allegedly not paid by Khalaf, which were based on Khalaf's failure to report bonus and interest payments he received from North Coast.

The record demonstrates that in 1993 and 1994, Khalaf performed services for another company, Specialized Messenger Services (SMS). He was paid for those services but did not report the income on his personal tax returns. When the indictment was returned the government apparently was not aware of the unreported income Khalaf had received from SMS and did not discover that information until it subpoenaed Khalaf's deposit records two weeks before trial and interviewed the owner of SMS two days before trial. Upon learning of the SMS deposits, the government immediately informed Khalaf of the evidence and its intent to offer the evidence at trial. On the first day of trial, Khalaf moved to exclude the evidence. The court allowed the evidence, but directed the government to present this evidence last in its case-in-chief in order to provide Khalaf time to prepare any appropriate defenses.

■ Khalaf contends that the evidence of the SMS payments varied from the allegations of the indictment, and that if it

**7.** *Casebeer,* 909 F.2d at 1363.

**8.** *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *see also United States v. Penagos,* 823 F.2d 346, 347 (9th Cir.1987).

**9.** *United States v. Winn,* 577 F.2d 86, 91 (9th Cir.1978).

**10.** The government presented evidence that Khalaf constructively received $500,000 in 1994, which he then lent back to the company. The company's 1994 records reflect the $500,000 transfer to Khalaf and a corresponding loan from him back to the company. The record demonstrates that although Khalaf did not actually receive payment the company had sufficient funds to pay him.

is not a variance the probative value is substantially outweighed by the danger of unfair prejudice. That claim lacks merit. Even if there was some variance from the indictment, the government's evidence did not vary so significantly as to affect Khalaf's substantial rights.[11] Further, the evidence is highly probative of the issue whether Khalaf concealed income and does not pose a risk of unfair prejudice.

For these reasons, the judgment is AFFIRMED.

---

11. In a tax evasion case, the government is not required to prove the exact amount of income left unreported by the defendant. *United States v. Citron,* 783 F.2d 307 (2d Cir. 1986) (upholding an open-ended indictment that failed to allege a specific amount of unreported income).

