[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15556
Non-Argument Calendar

_____

D. C. Docket No. 04-10021-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMAINE LESLIE TATUM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 7, 2006)**

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jermaine Leslie Tatum appeals his conviction for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). On appeal, Tatum argues that the district court abused its discretion by admitting evidence of his prior possession of cocaine under Rule 404(b) of the Federal Rules of Evidence and by refusing to give his requested jury instruction on the lesser included offense of simple possession. Tatum also challenges the sufficiency of the evidence supporting his conviction. For the reasons set forth more fully below, we affirm.

After Key West Police officers arrested Tatum on an outstanding warrant, Tatum directed them to his car, which was parked in a Holiday Inn Parking lot. Tatum gave an officer permission to search the car and said to look in a Wendy's bag in the back seat. The police found a 10.1-gram crack cocaine "cookie" inside the bag. Crack cocaine residue was found in the front driver's and passenger's seats. Tatum also told the officer that there should be about $5,000 in a bag in the trunk of the car, and the police recovered a Burger King bag containing $4,119. Of the $4,119, more than half of the money was in 20-dollar bills. Over Tatum's objection, the government introduced evidence that, less than two months before Tatum's arrest, Tatum led Key West Police officers to a location behind an abandoned house where the police recovered 11 grams, or three-quarters of a big cookie, of crack cocaine belonging to Tatum.

## I. Rule 404(b) evidence

Tatum argues that the district court abused its discretion by allowing the government to introduce evidence, under Fed.R.Evid. 404(b), that he led officers to an abandoned house from which he retrieved 11 grams of cocaine and a sum of money.[1] He asserts that this evidence was not probative of any issue in the case, but rather substantially prejudiced his defense by doubling the amount of crack that the jury could consider in determining his intent.

We review the district court's admission of evidence under Rule 404(b) for abuse of discretion. United States v. Matthews, 431 F.3d 1296, 1311 (11th Cir. 2005), pet. for cert. filed, (Apr. 24, 2006) (No. 05-1355). Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge . . . ." Fed.R.Evid. 404(b). The admissibility of Rule 404(b) evidence is governed by the following test:

> First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed

---

[1] According to the testimony, no money was recovered. Rather, the witness testified that the crack cookie was about $2,200 worth of narcotics.

3

the extrinsic act; Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

Matthews, 431 F.3d at 1310-11 (quoting United States v. Delgado, 56 F.3d 1357, 1365 (11th Cir. 1995)). "A similarity between the other act and a charged offense will make the other offense highly probative with regard to a defendant's intent in the charged offense." United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005).

In United States v. Butler, we held that the district court did not abuse its discretion in admitting a prior conviction for possession of cocaine for the purpose of proving intent against a defendant charged with conspiracy to possess cocaine and cocaine base with intent to distribute. United States v. Butler, 102 F.3d 1191, 1195-96 (11th Cir. 1997). We reasoned "that the logical extension of our current jurisprudence is to admit evidence of prior personal drug use to prove intent in a subsequent prosecution for distribution of narcotics." Id. at 1196.

Tatum put his intent at issue by arguing that he possessed crack cocaine, but did not do so with intent to distribute. Less than two months before his arrest on the instant charge, Tatum led officers to his hidden stash of crack cocaine.[2] The crack cocaine possessed by Tatum on that occasion goes beyond evidence of prior

---

[2] Tatum does not argue on appeal that there was insufficient proof of this act.

4

personal drug use, as the large amount of crack cocaine and its hidden location are, according to trial testimony, consistent with distribution and not personal use. Thus, this evidence is admissible to prove intent to distribute. See id. at 1195-96; cf. United States v. Green, 40 F.3d 1167, 1174-75 (11th Cir. 1994) (holding that arrest for possession of a distributable amount of cocaine base was admissible under 404(b) to show intent as to defendant charged with conspiracy to possess with intent to distribute cocaine base). In addition, the district court gave limiting instructions both prior to the testimony and when charging the jury, thereby reducing the risk of undue prejudice. Ramirez, 426 F.3d at 1354. Accordingly, the district court did not abuse its discretion in admitting evidence of Tatum's prior possession of crack cocaine.

## II. Jury instruction

Tatum argues that the district court abused its discretion in refusing to give his requested jury instruction on the lesser included offense of possession, which deprived him of his ability to properly defend his case. We review the district court's refusal to give a proposed jury instruction for abuse of discretion. United States v. Klopf, 423 F.3d 1228, 1241 (11th Cir. 2005), cert. denied, 126 S.Ct. 1931 (2006). "An abuse of discretion may occur where the evidence would permit a rational jury to find the defendant guilty of the lesser offense and not the greater."

5

United States v. Lee, 68 F.3d 1267, 1273 (11th Cir. 1995). A "'lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense.'" United States v. Rogers, 504 F.2d 1079, 1084 (5th Cir. 1974) (quoting Sansone v. United States, 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965)). The issue of intent is not "truly disputed" "[a]bsent some evidence to counter [a] strong inference of intent to distribute." Id. Whether the defense produced sufficient evidence to sustain a particular instruction is generally a question of law which we review de novo. United States v. Calderon, 127 F.3d 1314, 1329 (11th Cir. 1997).

In Lee, we held that the district court did not abuse its discretion in denying a lesser-included offense instruction on simple possession for a defendant found with 16.38 grams of crack cocaine in his pocket. Lee, 68 F.3d at 1273. We reasoned that, based on evidence that sales to users generally occurred in tenths of grams and that the defendant was listed as a distributor in the records of a person who supplied distributors and not users, combined with the lack of evidence regarding personal use, a jury could not have rationally found the defendant guilty of possession but acquitted the defendant of possession with intent to distribute. Id.

6

This case is similar to <u>Lee</u> in that there is strong evidence of an intent to distribute and no evidence that Tatum personally used crack cocaine. Officers recovered a crack cocaine "cookie" weighing 10.1 grams from Tatum's car. Detective Cohens testified at trial that usually one "rock," or about one-tenth of a gram of crack cocaine, was smoked at one time. He also testified that a ten-gram cocaine cookie consisted of about 100 or 200 rocks and, once cut into individual pieces, could sell for about $2,000 total. Cohens explained that a ten-gram cookie would definitely indicate that someone was distributing because of the weight and the amount of money they could make on that crack at the street-level wholesale price. Less than two months earlier, Tatum led officers to an abandoned house where an 11-gram cookie of crack cocaine was hidden. The location of both of these cookies was consistent with Cohens's testimony that, in his experience, a drug dealer never carried around a whole cookie with them, but would hide their cookie supply. Officers also recovered $4,119 in a Burger King bag, and more than half of the money was in 20-dollar bills. Cohens testified that, in his experience, drug purchases were usually transacted with 20-dollar bills. Based on the amount of cocaine and the 10 and 20-dollar bills, Cohens would believe that a person who had a ten-gram crack cocaine cookie and $4,119 that consisted of mostly 10 and 20-dollar bills was a dealer.

7

Two officers testified that, when they encountered Tatum on the day of his arrest and the day he led officers to the abandoned house, he did not appear to be under the influence of crack cocaine. Officers found two crack cocaine cookies but no paraphernalia that would be used to ingest crack in the room where Tatum was arrested. One officer testified that he never came across someone in possession of ten grams of crack cocaine and large amounts of money that was merely using crack.

Although there is no direct evidence that Tatum sold crack cocaine, evidence that Tatum possessed a large amount of crack cocaine on two occasions, combined with the large amount of cash in small denominations in his car, provides strong circumstantial evidence of Tatum's intent to distribute crack cocaine. In this case, there is no evidence of Tatum's personal use of the drug and no evidence "to counter the strong inference of intent to distribute." Rogers, 504 F.2d at 1084. Accordingly, the district court did not abuse its discretion in refusing to give an instruction on the lesser included offense of possession.

### III. Sufficiency of the evidence

Tatum argues that the evidence was insufficient to sustain his conviction because the government provided insufficient evidence of an intent to distribute. He contends that government witnesses acknowledged that possession of ten grams

8

was not necessarily inconsistent with personal use, as it would be a ten-day supply for someone who used crack ten times a day. Tatum further argues that, although intent may be inferred from quantity, if the jury made such an inference, it was unclear whether the jury did so based on the drugs in this case or based on the 11 grams recovered previously. Tatum contends that, in this case, there were no scales, small bags, preparation or cooking materials, or other evidence suggestive of distribution, including no evidence of his participation in drug transactions.

We review the sufficiency of the evidence de novo, "viewing the evidence in the light most favorable to the government." United States v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005). We also make all reasonable inferences and credibility choices in favor of the government and the jury's verdict. Id. We must affirm "unless, under no reasonable construction of the evidence, could the jury have found the [defendant] guilty beyond a reasonable doubt." Id.

Based on the circumstantial evidence of intent discussed with regard to Tatum's requested jury instruction, there was sufficient evidence to sustain Tatum's conviction. As to Tatum's argument that the jury might have used the prior bad act evidence in an impermissible manner, the district court gave two limiting instructions on the use of that evidence and the jury is presumed to follow the court's instructions. Ramirez, 426 F.3d at 1352.

9

In light of the foregoing, we find no abuse of discretion in the district court's rulings and hold that Tatum's conviction was supported by sufficient evidence.

**AFFIRMED.**