**UNITED STATES of America, Appellee,**

v.

**Marsha Christine FREDERICKSON,
a/k/a Marsha Christine Childers,
a/k/a M.C. Goodrich, Appellant.**

**No. 87–1105.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 14, 1988.
Decided May 16, 1988.

**518**

Robert Hampe, St. Louis, Mo., for appellant.

Frederick R. Buckles, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, and McMILLIAN and ARNOLD, Circuit Judges.

McMILLIAN, Circuit Judge.

Marsha Christine Frederickson appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri upon a jury verdict finding her guilty of three counts of income tax eva-

sion in violation of 26 U.S.C. § 7201. For reversal, Frederickson argues that the district court erred in (1) denying her motion to quash a search warrant and suppress evidence because the warrant failed to set forth with sufficient specificity the evidence to be seized, and (2) denying her motion for judgment of acquittal because there was insufficient evidence to support her convictions. For the reasons discussed below, we affirm.

### I.

During 1980, 1981, and 1982 Frederickson operated a massage parlor business in Fenton, Missouri. Frederickson employed several women to assist her in the parlor. Persons patronizing the business were charged a fee which varied depending on the length of time of the massage. The massages, moreover, included sexual acts. Frederickson received income during 1980, 1981, and 1982 from the massages she performed as well as a percentage of the money earned by her employees. Frederickson did not file federal income tax returns for 1980, 1981, or 1982.

On June 28, 1983, agents of the Internal Revenue Service (IRS) executed a search warrant at the premises of the massage parlor and seized numerous records relating to Frederickson's business. The application for the warrant was supported by a twenty-five page affidavit from an agent of the IRS setting forth the background of the case, the sources of the agent's information, and information demonstrating the reliability of the agent's informants. The warrant itself listed numerous specific items to be seized, in addition to "any other instrumentalities and evidence (at this time unknown) of these crimes which facts recited in the accompanying affidavit make out." During the execution of the warrant, twenty-eight boxes of documents were seized, including any documents which "had anything to relate to financial information, how the business was run, [or] anything of that nature." The IRS was

---

1. The Honorable James H. Meredith, Senior United States District Judge for the Eastern District of Missouri.

able to use these documents to calculate Frederickson's tax liability as follows: $15,396.45 for 1980; $89,841.81 for 1981; and $61,807.23 for 1982.

Frederickson was charged with three counts of income tax evasion arising out of her failure to pay her income taxes for 1980, 1981, and 1982. Before trial Frederickson filed a motion to quash the warrant and suppress the documents seized. After the close of the government's case Frederickson moved for a judgment of acquittal. The district court denied both of these motions, and on December 5, 1986, the jury found Frederickson guilty on all three counts. The district court sentenced Frederickson to five years imprisonment on each count, to run concurrently. This appeal followed.

## II.

Frederickson first argues that the district court erred in denying her motion to quash the search warrant and suppress the evidence seized from the premises of the massage parlor. Frederickson asserts that the warrant did not satisfy the fourth amendment requirement that warrants "particularly describ[e] the ... things to be seized." She challenges as insufficiently specific the phrase at the end of the description of evidence to be seized in the warrant, "and any other instrumentalities and evidence (at this time unknown) of these crimes which facts recited in the accompanying affidavit make out." This phrase followed a lengthy list of specific items to be seized, and the warrant was supported by a detailed twenty-five page affidavit which provided context for the challenged phrase.

In reviewing Frederickson's argument, we are well aware of the problem posed by general warrants, which "is not that of intrusion *per se*, but of a general, exploratory rummaging in a person's belongings." *Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S.Ct. 2022, 2038, 29 L.Ed. 2d 564 (1971). We also pause to reiterate the Supreme Court's warning that

> there are grave dangers inherent in executing a warrant authorizing a search

and seizure of a person's papers that are not necessarily present in executing a warrant to search for physical objects whose relevance is more easily ascertainable. In searches for papers, it is certain that some innocuous documents will be examined, at least cursorily, in order to determine whether they are, in fact, among those papers authorized to be seized.... In [this] kind[ ] of search[ ], responsible officials, including judicial officials, must take care to assure that they are conducted in a manner that minimizes unwarranted intrusions upon privacy.

*Andresen v. Maryland*, 427 U.S. 463, 482 n. 11, 96 S.Ct. 2737, 2749 n. 11, 49 L.Ed.2d 627 (1976). The fourth amendment requires that a search warrant's description of the evidence to be seized be "sufficiently definite so as to enable the officer with the warrant to reasonably ascertain and identify the place to be searched and the objects to be seized." *United States v. Muckenthaler*, 584 F.2d 240, 245 (8th Cir. 1978); *see also United States v. Johnson*, 541 F.2d 1311, 1313 (8th Cir.1976). As a result, "the degree of specificity required is flexible and may vary depending on the circumstances and the type of items involved." *Muckenthaler*, 584 F.2d at 245. For example, where the warrant authorizes seizure of materials protected by the first amendment, "the requirements of the Fourth Amendment must be applied with 'scrupulous exactitude.' " *Zurcher v. Stanford Daily*, 436 U.S. 547, 564, 98 S.Ct. 1970, 1981, 56 L.Ed.2d 525 (1978) (quoting *Stanford v. Texas*, 379 U.S. 476, 485, 85 S.Ct. 506, 511–12, 13 L.Ed.2d 431 (1965)). On the other hand, where first amendment interests are not implicated, and "[w]here the precise identity of goods cannot be ascertained at the time the warrant is issued, naming only the generic class of items will suffice." *Johnson*, 541 F.2d at 1314; *see also United States v. Dennis*, 625 F.2d 782, 792 (8th Cir.1980).

■ In this case, the warrant was as specific as possible under the circumstances. The IRS sought evidence of income tax evasion. It was therefore necessary for

Frederickson's income liability for three years to be reconstructed from her records and documents. Frederickson did not report her income to the government, and she kept no records of her business in any organized manner. As a result, although the warrant contained a long list of specific items to be seized, it was not possible for the IRS to provide such specificity as to all of the documents that would need to be seized. Additionally, the detailed twenty-five page affidavit accompanying the warrant provided context for the warrant, and limited the scope of the search to those documents which would be relevant to the specific crime charged, income tax evasion.

A warrant containing almost the identical phrase as that challenged by Frederickson was upheld by the Supreme Court in *Andresen v. Maryland*, 427 U.S. 463, 96 S.Ct. 2737. In that case the warrant, as here, gave a list of specific items to be seized, followed by the phrase "other fruits, instrumentalities and evidence of crime at this [time] unknown." *Id.* at 479, 96 S.Ct. at 2748. The Court construed the term "crime" in this phrase to refer back to the crime under investigation, which was set forth in detail in the affidavit accompanying the warrant. *Id.* at 480–81, 96 S.Ct. at 2748–49. On this basis, the Court held that the warrant was not impermissibly general. *Id.* at 481–82, 96 S.Ct. at 2749. Similarly, this court has previously held that a warrant authorizing the seizure of "certain books and records (or items of evidence) relating to the extortionate credit transaction business" satisfied the particularity requirement of the fourth amendment. *United States v. Dennis*, 625 F.2d 782, 792 (8th Cir.1980). In this case, the warrant explicitly referred back to the affidavit to limit the scope of documents to be seized. Also, we note that the search in this case dealt with business documents only, and did not implicate materials protected by the first amendment. *Cf. Zurcher*, 436 U.S. 547, 98 S.Ct. at 1970. We hold that the warrant executed at Frederickson's massage parlor satisfied the particularity requirement of the fourth amendment.

### III.

Frederickson's second point on appeal is that the evidence was insufficient to support the jury's verdict. Frederickson was convicted of income tax evasion in violation of 26 U.S.C. § 7201. The elements of this offense are (1) the existence of a tax deficiency, (2) an attempt to evade or defeat the tax manifested by some affirmative act, and (3) willfulness in the attempted evasion. *Sansone v. United States*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965); *Spies v. United States*, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943). Frederickson does not deny the existence of a tax deficiency for each of the years 1980, 1981, and 1982. She maintains rather that she was merely negligent in failing to keep proper records so as to allow her to pay her taxes each year. Frederickson argues that there was no evidence that she had committed any affirmative act to evade her tax obligations, or that she had willfully attempted to evade those obligations.

Viewing the evidence in the light most favorable to the government, *United States v. Hicks*, 619 F.2d 752, 755 (8th Cir.1980), we hold that there was sufficient evidence to support Frederickson's convictions. In June 1980 the IRS conducted an investigation of Frederickson's tax situation. During this investigation, Frederickson represented that she did not receive any income from the other employees who worked in her massage parlor, and that she deposited most of her income in her bank accounts. Both of these statements were false. Frederickson received a percentage from each employee for each "massage" performed, and only twenty to twenty-seven percent of her gross receipts were deposited into bank accounts.

During the execution of the search warrant on June 28, 1983, Frederickson told IRS agents that she kept no books or records relating to the amount of money made by her employees. This statement was false. When confronted with the existence of such records, Frederickson denied that she had those records on the premises. This statement was also false.

Frederickson further instructed her employees not to talk to the investigating IRS agents and to contact her immediately if they were approached by the agents. She told one of the employees, "if we didn't tell them anything then they would never know how much she ever made." These actions were sufficient to support the jury's finding of willful evasion by Frederickson, manifested by at least one affirmative act.

Accordingly, the judgment of the district court is affirmed.