**In re Ralph SMITH & Jeanne Smith, Debtors.**

**Jeanne SMITH, Defendant/Appellant,**

v.

**Robert C. BEESON, et al., Plaintiffs/Appellees.**

**No. 90–8462–CIV.**

United States District Court, S.D. Florida.

June 19, 1991.

Robert C. Furr, Furr & Cohen, P.A., Boca Raton, Fla., for defendant/appellant.

Richard N. Bell, and John E. Bator, of Cohen & Malad, P.C., Indianapolis, Ind., Keith A. Goldbaum, of Zwick Friedman & Goldbaum, Boca Raton, Fla., for plaintiffs-appellees.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon Jeanne Smith's appeal from an order of the United States Bankruptcy Court for the Southern District of Florida. The parties have fully briefed the issues in this case, and the Court heard oral argument on Friday, May 3, 1991. The appeal is now ripe for disposition.

## I. BACKGROUND

The genesis of this dispute was a scam. Having discovered that they had been had, two classes of plaintiffs filed two separate suits in the U.S. District Court for the Southern District of Indiana, one in 1983 and one in 1985. The two classes, one led by Robert Beeson and the other by Robert Gregory, sought damages from the debtors, Ralph and Jeanne Smith, and other defendants for losses incurred when the debtors and their cohorts defrauded the plaintiffs into investing in a bogus videotape tax shelter scam.

On September 2, 1987, just prior to trial, and after extensive discovery, the debtors Ralph and Jeanne Smith entered into a settlement agreement with the plaintiffs. Pursuant to the settlement agreement, the debtors allowed the Court to enter agreed judgments against them and in favor of the Beeson and Gregory classes. The two judgments totalled $3 million. In the Beeson class agreed judgment the debtors stipulated to a judgment in the amount of $1,750,000.00. In the Gregory class agreed judgment the debtors stipulated to a judgment of $1,250,000.00. Each judgment was based on a common law fraud count contained in count IX of each respective Second Amended Complaint.

The Smiths failed to make the required payments under the consent judgments, and the class plaintiffs were forced to initiate litigation to collect on the judgments. Ralph and Jeanne Smith subsequently filed Chapter 7 bankruptcy petitions in the Southern District of Florida, thus staying the Indiana litigation. The bankruptcy court consolidated the cases. The Smiths sought a discharge of the $3 million judgment debt. Ralph Smith then died.[1]

On April 10, 1990, the Beeson and the Gregory class plaintiffs timely filed a two-count complaint in the bankruptcy court, primarily asking the bankruptcy court to determine the dischargeability of the judgment debt pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B). In count II of the complaint, the class plaintiffs also asked the Court to deny the debtors' discharge request pursuant to 11 U.S.C. § 727.

The class plaintiffs subsequently filed a motion for summary judgment as to the non-dischargeability of the judgment debt under 11 U.S.C. § 523(a)(2)(A) only. By oral order during a hearing on July 10, 1990, and later in a written order, the bankruptcy court granted the motion for summary judgment on count I of the amended complaint and adjudged the $3 million debt non-dischargeable. Reasoning that the elements of a common law fraud claim are essentially the same as the elements required to prove non-dischargeability under § 523(a)(2)(A), the bankruptcy court held that the prior consent judgments, each on a common law fraud count, collaterally estopped the debtors from denying that the judgment debt is non-dischargeable under § 523(a)(2)(A). *See* Transcript of Bankruptcy Court Hearing of July 10, 1990, at 31. The debtor Jeanne Smith has appealed from the bankruptcy court's order granting summary judgment in favor of the class plaintiffs.

## II. ISSUE ON APPEAL & STANDARD OF REVIEW

The only issue on appeal is whether the bankruptcy court erred in granting the plaintiffs' motion for summary judgment. The bankruptcy court granted the motion on the ground that the prior consent judgments entered against the debtor, each on the basis of the common law fraud counts, collaterally estopped the debtor from denying that the judgment debt is non-dis-

---

**1.** Ralph Smith's estate has not filed an appeal and is not a party to this appeal.

**490**

chargeable under § 523(a)(2)(A). The Court will review the bankruptcy court's order granting summary judgment *de novo. See Carriers Container Council, Inc. v. Mobile S.S. Assn., Inc.,* 896 F.2d 1330, 1337 (11th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 308, 112 L.Ed.2d 261 (1990).

## III. DISCUSSION

### A. Discharge Exceptions

This Court's analysis necessarily must begin with the bankruptcy code and its provisions on discharge. As a general rule, all of an individual's debts are dischargeable in a chapter 7 proceeding unless specifically excepted by another provision of the bankruptcy code. Section 523(a)(2)(A) of the Code constitutes the statutory exception at issue here. Specifically, § 523(a)(2)(A) provides, in pertinent part:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

(2) for money ... to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud....

11 U.S.C. § 523(a)(2)(A).

This statutory exception quite obviously is premised on the notion that individual debtors should not be able to discharge in bankruptcy debts for money obtained by fraud.

### B. Applying Collateral Estoppel In Bankruptcy Litigation

■ It is now clear beyond cavil that a bankruptcy court may apply collateral estoppel in a discharge exception proceeding under § 523(a) of the bankruptcy code. *Grogan v. Garner,* — U.S. ——, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991); *In Re Halpern,* 810 F.2d 1061, 1064 (11th Cir. 1987). However, it is equally as clear that a Court must find that four elements are satisfied before applying collateral estoppel to prevent the discharge of a debt. First, the issue at stake in the bankruptcy court must be identical to the issue involved in the prior litigation. *In Re Halpern,* 810 F.2d at 1061, 1064 (11th Cir.1987). Next, the issue must have been actually litigated

in the prior suit. *Id.* Further, the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that litigation. *Id.* Finally, the burden of persuasion in the discharge proceeding must not be significantly heavier than the burden of persuasion in the initial action. *In Re Yanks,* 931 F.2d 42, 43 n. 1 (11th Cir.1991). The bankruptcy court found that these elements existed and that collateral estoppel applied. This Court agrees and finds that the bankruptcy court was correct in granting the plaintiffs' motion for summary judgment on that basis.

#### 1. *Identical Issue*

■ Initially, the Court finds that the issue at stake in the discharge proceeding before the bankruptcy court is identical to the issue which was at stake in the Indiana district court proceedings. The consent judgments entered against the debtor in the Indiana litigation each were based on count IX of the respective complaints, which count alleged a claim for common law fraud. To prove common law fraud in the Indiana actions, the plaintiffs were required to establish the following elements: (1) there was a representation of past or existing facts; (2) that representation was false; (3) the representation was made with knowledge that it was false; (4) the representation caused the plaintiffs to rely upon it; and (5) the plaintiffs suffered injury as a result of their reliance. *See Mantooth v. Federal Land Bank of Louisville,* 528 N.E.2d 1132, 1138 (Ind.Ct.App.1988). Similarly, to establish non-dischargeability of a debt or obligation under § 523(a)(2)(A) one must prove the following elements: (1) the debtor made a representation; (2) that representation was false; (3) the representation was made with the intent to deceive; (4) the plaintiff reasonably relied on the representation; and (5) the plaintiff was damaged as a result of his or her reliance on the representation. *See In Re Hunter,* 780 F.2d 1577 (11th Cir.1986).

As one can plainly see, the elements necessary to prove non-dischargeability are functionally identical to the elements one

must prove to establish a claim of fraud under Indiana common law. Accordingly, the Court finds that the issues at stake in the discharge proceeding are identical to the issues at stake in the district court litigation.

### 2. *"Actually Litigated"*

■ The next showing necessary to the bankruptcy court's finding was that these identical issues were "actually litigated" in the prior litigation. This requirement is somewhat altered here because the judgments entered in the prior cases were consent judgments entered without trial, after settlement. By its nature a consent decree is entered to avoid litigation; thus, "actual litigation" normally will be missing in a consent judgment scenario. *In Re Halpern*, 810 F.2d 1061, 1064 (11th Cir.1987). Consequently, the central inquiry when assessing the preclusive effect of a judgment entered by consent is the intention of the parties as to whether that judgment was to operate as a final adjudication of the factual issues therein. *Id.* When determining the intent of the parties, the Court is to look to the judgment or other evidence in the record. *Id.*

The plaintiffs and the debtor disagree as to their respective intentions in entering into the consent judgment. Each side primarily relies on a different decision of the United States Court of Appeals for the Eleventh Circuit to support its contention. The debtor relies on *Balbirer v. Austin*, 790 F.2d 1524 (11th Cir.1986), and the plaintiffs rely upon *In Re Halpern*, 810 F.2d 1061 (11th Cir.1987). In *Balbirer*, the Eleventh Circuit reversed a finding that a consent decree collaterally estopped a debtor from denying the non-dischargeability of a debt because the Eleventh Circuit found that the bankruptcy court failed to inquire into the intent of the parties. *Balbirer*, 790 F.2d at 1528. In contrast, the *Halpern* court found that a consent judgment did work to collaterally estop the debtor from denying non-dischargeability. The *Halpern* court distinguished *Balbirer* on the ground that the consent judgment in *Halpern* contained detailed factual findings, as well as a clause in which the debtor agreed

that the consent judgment would collaterally estop him from relitigating the finding. The *Halpern* court reasoned that this evidence demonstrated that the parties intended the consent judgment to be a final adjudication of the issues therein.

The Court finds that this case is controlled by *Halpern* and not *Balbirer*, as there is sufficient unrebutted evidence in the record demonstrating that the parties intended the consent judgments to be a final adjudication of the facts and issues underlying the debtor's fraud. In this case the judgments of the Indiana court were predicated upon stipulated admissions of law and fact which the district judge adopted as his formal finding. Moreover, the parties settlement agreement expressly provided that "this agreement is predicated upon the agreement and understanding that the referenced three million dollar agreed judgment is not dischargeable in bankruptcy...." Settlement Agreement at 9. The consent judgments refer to and incorporate the settlement agreement. Finally, the Court's decision is influenced by the fact that the parties had engaged in extensive litigation in the Indiana court prior to the entry of the consent judgments.

As a procedural matter, the Court finds that the intent issue can be resolved no other way. As the moving party bearing the burden of proof on the issue at trial, the plaintiffs had an obligation upon moving for summary judgment to inform the district court of the basis for the motion and point out in the record what evidence establishes that there was no genuine issue of material fact on the intent issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The Court finds, upon *de novo* review, that the plaintiffs had satisfied their initial burden of production on their motion for summary judgment. The plaintiffs having satisfied their burden, the burden of production then shifted to the debtor to go beyond her pleadings and demonstrate where in the record there is evidence that a genuine issue of material fact existed as to the parties' intent. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475

U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). As the bankruptcy court pointed out in its order, *see* Order Granting Plaintiffs' Motion For Summary Judgment at ¶ 2, the debtor failed to respond in writing to the motion for summary judgment. Moreover, the debtor's oral argument at the hearing before the bankruptcy court on July 10, 1990, did not demonstrate that a genuine issue of material fact exists on the intent issue. Summary judgment was therefore proper on this issue.

### 3. *Critical & Necessary Part of Judgment*

Additionally, the determination of the identical issue in the prior litigation must have been a critical and necessary part of the consent judgments before the prior judgments can have preclusive effect here. The Court finds that this element is satisfied. The issue which was identical in both the Indiana litigation and the adversary proceeding below was whether the debtor engaged in fraudulent conduct. As the consent judgments were based on the common law fraud count of each respective Second Amended Complaint, the fraud issue was a critical and necessary part of each of the consent judgments in the Indiana litigation.

### 4. *Burden of Persuasion*

■ Finally, the Court must consider whether the plaintiffs' burden of persuasion on the dischargeability issue in the bankruptcy court was greater than the plaintiffs' burden of persuasion on the common law fraud claims in the Indiana litigation. After the Supreme Court's recent decision in *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), it is now clear that the ordinary preponderance of the evidence standard applies in dischargeability exception proceedings. Accordingly, the Court finds that the plaintiffs' burden of persuasion in the bankruptcy court was no greater than their burden of persuasion in the Indiana district court.

## IV. CONCLUSION

In sum, the Court finds that the bankruptcy court was not in error in granting the plaintiffs' motion for summary judgment on the basis of collateral estoppel. The Court finds that all the elements necessary to such a finding exist on this record. The Court further finds that there is no genuine issue of material fact remaining as to the parties' intention that the consent judgments would act as a final adjudication of the fraud issue. Therefore, the Court finds that summary judgment was proper. *See In Re Halpern*, 810 F.2d 1061 (11th Cir.1987).

Accordingly, having fully considered the arguments of the parties and the record, and being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED that the decision of the United States Bankruptcy Court granting the plaintiffs' Motion For Summary Judgement is AFFIRMED.

DONE AND ORDERED.