In the Matter of David Carl HOWARD,
f/d/b/a David C. Howard & Co.,
Debtor.

David C. HOWARD, Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 92–16343–8B7.
Adv. No. 93–123.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 11, 1994.

Michael Barnett, Tampa, FL, for plaintiff.

David N. Geier, Washington, DC, for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS MATTER came on for consideration upon the Motion for Summary Judgment filed by the Plaintiff/Debtor in the above captioned case. This Court has considered all arguments and evidence consistent with a ruling on a motion for summary judgment. *See Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Having considered the Motion, together with the record, the Court finds the undisputable facts as follows:

Plaintiff (Debtor) filed for relief under Chapter 7 of Title 11 of the United States Code on December 17, 1992. This Adversary Proceeding was brought on behalf of Debtor to determine the dischargeability of a debt owed the United States of America (defendant) and the applicability of 11 U.S.C. § 523(a)(1)(C). Debtor has moved for summary judgment asserting Defendant has not established any genuine issue of material fact on fraud or willful attempt to evade payment of tax for nondischargeable debt under 11 U.S.C. § 523(a)(1)(C). Defendant moves for summary judgment as well. On Cross Motion for Summary Judgment, Defendant asserts the facts surrounding the 1987 taxable year, when taken together, establish no genuine issue of material fact with respect to fraudulent or willful intent on Debtor's part.

Debtor was in the business of buying and selling real estate through what he describes as "creative financing." This financing typically involved a seller who, as part of the sale, would hold a mortgage subordinated to a lending institution. The debt to the seller was generally used as a down payment, as well as subordinated. This enabled Debtor to obtain property with no capital investment of his own. Unfortunately for the Debtor, his creative investment stratagem became criminally .suspect and mustered him an indictment.

In 1987, while an indictment was pending, Debtor had a banner year with gross income of approximately $4,000,000 and a taxable income of approximately $300,000. There were no estimated tax payments made during 1987, but Debtor's taxable income resulted primarily from the disposition of two trailer parks during the 1987 tax year. In Defendant's deposition of Debtor there is testimony he did not consult his accountant until late in 1987.

Debtor, although married at the time, filed his timely tax return separately. The 1987 tax return reflected all 1987 transactions and tax due and owing for that year. The tax liability was approximately $78,572, and Debtor has not made payment on the tax liability to date.

During the 1987 tax year, Debtor's wife purchased a day-care facility with funds the Debtor provided. Debtor asserts approximately $45,000 was made as a loan to the wife, but he does not recall whether an additional $15,000 to $20,000 was a loan or a gift to his wife. Debtor asserts he was instrumental in helping his wife of that time acquire a van for her business. In addition, Debtor purchased a new car for his wife in the same year. Regardless of both parties assertions, there was no loan repayment and it appears that any debt owed by the wife to the Debtor was satisfied in an ensuing divorce settlement. Debtor does not contest the fact advances made to his wife would have completely satisfied the 1987 tax liability.

Debtor asserts that during the 1987 tax year he was concerned about the well-being of his family, should he be confined to a correctional facility for any length of time. Apparently, this was a factor in obtaining the day-care center for his wife, although Debtor alleges they had been interested in engaging in a day-care business for some time, and 1987 was the first year they were financially able to seriously consider the prospect.

Debtor asserts he timely and properly filed his tax return understanding his tax liabilities. In addition, Defendant makes no allegations with respect to prior tax years, although Debtor asserts he did not file tax returns for subsequent years because he was not required to file. All Debtor's records have apparently been lost or destroyed during Debtor's incarceration as a result of warehouse rental payments becoming overdue. Both parties now move for summary judgment.

■ Based on the foregoing undisputed facts, Defendant contends Debtor either fraudulently evaded payment of tax or willfully attempted to evade tax. Debtor has brought this Adversary Proceeding to deter-

mine the issue of dischargeability under 11 U.S.C. § 523(a)(1). Exceptions to discharge are construed narrowly in favor of the debtor. *Security Title & Guaranty Co. v. Stivers (In re Stivers)*, 84 B.R. 852 (Bankr.S.D.Fla. 1988); *First Bank of Colorado v. Mullet (In re Mullet)*, 817 F.2d 677, 680 (10th Cir.1987). To make an interpretation of 11 U.S.C. § 523(a)(1)(C), this Court must look to the statutory language and the general rules of statutory interpretation. *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990). In as much as "the statutory scheme is coherent and consistent, there ... is no need for a court to inquire beyond the plain language of the statute." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Where the plain meaning of a statute "produce[s] a result demonstrably at odds with the intention of its drafters" the intention of the drafters control. *Id.* at 242, 109 S.Ct. at 1030. Neither party suggests ambiguity in the plain language of 11 U.S.C. § 523(a)(1)(C), or the need to inquire further into the language of the statute. Defendant

raises the issue of the applicable elements with respect to "fraudulent return" or "willfully attempted in any manner to evade or defeat such tax." 11 U.S.C. § 523(a)(1)(C).

This Court must determine if "willfully attempted in any manner to evade or defeat such tax" is to be first analyzed under other applicable law, mainly the Internal Revenue Code, or has a meaning solely related to the Bankruptcy Code. It appears the language of 11 U.S.C. § 523(a)(1)(C) comes close to several sections of the Internal Revenue Code.[1] It seems logical the legislature sought to have the Bankruptcy Code encompass the possibility a debtor would attempt to discharge criminal tax penalties in bankruptcy. Therefore, it follows that willful evasion is tested as it would be best applied as under I.R.C. § 7201, no other intent being found in the Bankruptcy Code.

Debtor suggests there is a distinction between fraud and willfulness under 11 U.S.C. § 523(a)(1)(C). In the instant case, the linchpin of Debtors' argument centers on the applicable elements of "willfully attempted" to evade. Defendant, while not alleging

---

1. All references are made to the Internal Revenue Code of 1986 unless otherwise specified. The Defendant suggests application of I.R.C. § 6672: Failure to Collect and Pay Over Tax, or Attempt to Evade or Defeat Tax.

    (a) General Rule.—Any person required to collect ... and pay over any tax ... who willfully fails to collect such tax ... or *willfully attempts in any manner to evade or defeat any such tax* .... shall ... be liable to a penalty ... [Emphasis added]

This is the so called "responsible person" or "trust fund" statute. Section 6672, which is buttressed by I.R.C. § 7202 criminal statute using similar language, causes penalty to a responsible person who collects taxes from third persons, including taxes withheld from employee wages or excise taxes collected from customers, and then defaults on those payments to the government. "Penalty" connotes an amount that is in addition to the underlying obligation that is not paid.

Liability arises under I.R.C. § 6672 where there is a "responsible person", and a willful failure to collect, account for, and pay over a tax or a willful attempt to evade or defeat the tax or payment thereof. There are two requirements under I.R.C. § 6672 which are not applicable in the instant case. There is no logical connection with 11 U.S.C. § 523(a)(1)(C) and I.R.C. § 6672. In addition, "willfulness" is not the same as

applied in other section of the Internal Revenue Code. In a recent Eleventh Circuit case, the court followed *Mazo v. United States*, 591 F.2d 1151 (5th Cir.), *cert. denied*, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979) in that:

The term "willfully" is defined by prior cases as meaning, in general, a voluntary, conscious, and intentional act, such as payment of other creditors in preference to the United States, although *bad motive or evil intent need not be shown*. The willfulness requirement is satisfied if the responsible person acts with *a reckless disregard of a obvious risk that trust funds may not be remitted to the Government*, such as by failing to investigate or to correct mismanagement after being notified that withholding taxes have not been paid. [Emphasis in original]

*Id.* at 1154; *See Malloy v. United States*, 17 F.3d 329 (11th Cir.1994).

In application of the applicable statute I.R.C. § 7201 appears to most closely fit application of 11 U.S.C. § 523(a)(1)(C): Attempt to Evade or Defeat Tax:

Any person who willfully attempts in any manner to evade or defeat any tax by [Title 26]....

In the hierarchy of tax crimes, I.R.C. § 7201 is "capstone." *Spies v. United States*, 317 U.S. 492, 497, 63 S.Ct. 364, 367, 87 L.Ed. 418 (1943). Commonly referred to as the "criminal tax fraud statute."

fraud,[2] asserts there is no affirmative act required under 11 U.S.C. § 523(a)(1)(C) with respect to willfulness. In fact, Defendant suggests the proof required to support a finding of willfully attempting to evade payment of taxes requires only the elements of proof applied under civil tax fraud. Defendant's position applies a less restrictive standard for 11 U.S.C. § 523(a)(1)(C) comparable to the manner in which civil tax fraud is proven, yet Defendant does not allege civil tax fraud in the instant case.[3]

Interpretation of the willfulness requirement under the second prong of 11 U.S.C. § 523(a)(1)(C) has prompted some debate among the courts. The Government has argued and successfully convinced some courts

there is a less restrictive standard generally applied in civil cases under 11 U.S.C. § 523(a)(1)(C). This less restrictive standard does not require an affirmative act by the debtor to evade taxes. *See United States v. Toti,* 149 B.R. 829, 832 (E.D.Mich.1993); *see also Irvine v. Comm'r (In re Irvine),* 1994 WL 66056 (E.D.Pa.1994); *Berzon v. United States (In re Berzon),* 145 B.R. 247 (Bankr. N.D.Ill.1992); *Langlois v. United States (In re Langlois),* 155 B.R. 818 (Bankr.N.D.N.Y. 1993); *Sells v. United States,* 1991 WL 328039 (Bkrtcy.D.Colo.1991); 92–1 U.S.T.C. ¶ 5070; *Jones v. United States (In re Jones),* 116 B.R. 810, 815 (Bkrtcy.D.Kan.1990); *Fernandez v. Internal Revenue Service (In re Fernandez),* 112 B.R. 888 (Bankr.N.D.Ohio 1990).

**2.** Notwithstanding the elements necessary to prove willfulness, this Court recognizes other courts have liberally construed 11 U.S.C. § 523(a)(1)(C), "willfully attempted in any manner to evade or defeat such tax," to include tax fraud. The existence of fraud is a question to be determined by a consideration of the entire record. *Stratton v. Comm'r,* 54 T.C. 255, 282, 1970 WL 2376 *modified on other grounds,* 54 T.C. 1351, 1970 WL 2377 (1970). As direct proof of an intention to evade taxes may be difficult to establish, it may depend upon circumstantial evidence and reasonable inferences properly drawn from the evidence of record. *Korecky v. Comm'r,* 781 F.2d 1566 (11th Cir.1986); *Toussaint v. Comm'r,* 743 F.2d 309 (5th Cir.1984); *Stone v. Comm'r,* 56 T.C. 213, 1971 WL 2605 (1971). *See Kirk v. United States (In re Kirk),* 98 B.R. 51 (Bankr.M.D.Fla.1989); *Kirk,* 98 B.R. at 55. The record herein does not support a finding of fraud, and is not at issue in the instant case.

**3.** The long standing interpretation of fraud articulated in *Mitchell v. Comm'r,* 118 F.2d 308 (5th Cir.1941), under the 1939 Internal Revenue Code version of the civil fraud penalty is as follows:

Negligence, whether slight or great, is not equivalent to the fraud with intent to evade tax named in the statute. The fraud meant is actual, intentional wrongdoing, and intent required is the specific purpose to evade a tax believed to be owing.

*Id.* at 310.

In the Internal Revenue Code of 1939, the civil penalty for fraud was for "fraud with the intent to evade tax." I.R.C. § 293(b) (1939). The 1954 Code changed the wording from "fraud with the intent to evade" to "fraud." I.R.C. § 6653(b) (1954). There does not appear to be any legislative purpose for the change. *Levinson v. United States,* 496 F.2d 651 (3d Cir.), *cert. denied,* 419 U.S. 1040, 95 S.Ct. 528, 42 L.Ed.2d 317 (1974); *Papa v. Comm'r,* 464 F.2d 150 (2d Cir.1972);

*Breman v. Comm'r,* 66 T.C. 61, 1976 WL 3667 (1976). Therefore, it follows fraud referred to in I.R.C. § 6663(b) is fraud with intent to evade. Thus, fraud has been defined as intentional wrongdoing on the part of a taxpayer motivated by a specific purpose to evade a tax known or believed to be owing. *Stoltzfus v. United States,* 398 F.2d 1002, 1005 (3rd Cir.1968), *cert. denied,* 393 U.S. 1020, 89 S.Ct. 627, 21 L.Ed.2d 565 (1969); *Granado v. Comm'r,* 792 F.2d 91 (7th Cir.1986); *Parks v. Comm'r,* 94 T.C. 654, 1990 WL 48997 (1990) (referring to "fraudulent intent," but finding such intent to exist by reasons of attempt-type conduct). Aside from willful attempt to evade or defeat payment of taxes, there is generally no fraud where a taxpayer fully discloses all tax matters.

There is no requirement that there be an affirmative act under the civil fraud statute, only that there be "an actual, intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owing." *Id.*

This Court accepts the position that civil tax fraud does not require an affirmative act as customarily applied under I.R.C. § 6663(b), and willfulness requires an affirmative act as customarily applied in the criminal tax context of I.R.C. § 7201. *See Spies,* 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418; *Jones,* 259 F.2d 300; *Irolla,* 390 F.2d 951; *Sansone,* 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882; *King,* 563 F.2d 559; *Copeland,* 786 F.2d 768; *Frederickson,* 846 F.2d 517; *Williams,* 928 F.2d 145; *Mitchell,* 118 F.2d 308; *But see First Trust & Savings Bank v. United States,* 206 F.2d 97 (8th Cir.1953) (The affirmative act test is generally applied in civil fraud cases involving failure to file a return). While Civil tax fraud may be included as a part of "willfully attempted" to evade tax in 11 U.S.C. § 523(a)(1)(C), it does not require a separate affirmative act. Nonetheless, it is not an issue in this case.

An affirmative act by the debtor to evade taxes has been required by some courts for an imposition of nondischargeability under 11 U.S.C. § 523(a)(1)(C). *See Toti v. United States (In re Toti),* 141 B.R. 126 (Bankr. E.D.Mich.1992) *rev'd, United States v. Toti,* 149 B.R. 829, 832 (E.D.Mich.1993); *Gathwright v. United States (In re Gathwright),* 102 B.R. 211 (Bankr.D.Or.1989) (willfulness under 11 U.S.C. § 523(a)(1)(C) must be determined in the same manner as I.R.C. § 7201). Regardless, all courts appear to agree that there is no definition of evasion or willfulness under the Bankruptcy Code nor the Internal Revenue Code.

■ This Court agrees with the application of the definition of willful as applied in the criminal tax evasion statute with respect to 11 U.S.C. § 523(a)(1)(C). Since civil tax fraud has not been alleged, Defendant must satisfy the requisite elements of willfulness as would be found under I.R.C. § 7201 to meet its burden of proof. In applying I.R.C. § 7201, courts have held willfulness to be "a voluntary, intentional violation of a known legal duty." *United States v. Pomponio,* 429 U.S. 10, 97 S.Ct. 22, 50 L.Ed.2d 12 (1976) (applying willfulness in the context of I.R.C. § 7206(1) filing a false return); *United States v. Bishop,* 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973) ("willfully" has the same meaning in I.R.C. § 7201 as in I.R.C. § 7206(1)). Thus, it follows that an individual's actions are not willful if they are done through inadvertence, carelessness, or honest misunderstanding of what the law requires.[4] There must be a showing of some affirmative act or conduct to mislead or conceal by the debtor. *Spies v. United States,* 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943) (failure to file a tax return, standing alone, does not make out the act of evasion, but where the failure to file is coupled with affirmative acts or conduct, there is an attempt within the meaning of the evasion statute); *Jones v. Comm'r,* 259 F.2d 300 (5th Cir.1958); *Irolla v. United States,* 390 F.2d 951 (Ct.Cl.1968); *Sansone v. United States,* 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965);

*United States v. King,* 563 F.2d 559 (2nd Cir.1977), *cert. denied,* 435 U.S. 918, 98 S.Ct. 1476, 55 L.Ed.2d 510 (1978) (failure to file a return coupled with concealment of payoffs); *United States v. Copeland,* 786 F.2d 768 (7th Cir.1986) (misdemeanor failure to file elevated to evasion by subsequent false statements); *United States v. Frederickson,* 846 F.2d 517 (8th Cir.1988); *United States v. Williams,* 928 F.2d 145 (5th Cir.1991) (taxpayer failed to file tax returns for six years, but falsifying Form W–4 was held affirmative act for purposes of evasion); *Mitchell v. Comm'r,* 118 F.2d 308 (5th Cir.1941).

In addition, the affirmative act is not only the willful attempt to defeat the payment, but also the attempt to defeat or evade the assessment of tax. *Sansone,* 380 U.S. at 354, 85 S.Ct. at 1011. The Court of Appeals for the Ninth Circuit has articulated the *Sansone* decision as follows:

> Evasion of assessment generally involves efforts to prevent or deter the government from determining tax liability prior to an assessment, for example "by failing to file a return, filing a false return, failing to keep records, concealing income or other means." [citation omitted] Evasion of payment, by comparison, generally involves conduct designed to place assets beyond the government's reach after a tax liability has been assessed, such as by transferring assets abroad, placing assets in the names of others, or using cash transactions to conceal the existence of assets. [citations omitted]

*United States v. Mal,* 942 F.2d 682 (9th Cir.1991).

■ In the instant case the Defendant must show there was a willful evasion of payment. As correctly stated in *Mal,* the Government must establish the element of an affirmative act to support a finding of willfulness. An analysis of the record does not lead this Court to find there was an affirmative act to satisfy the 11 U.S.C. § 523(a)(1)(C) willfulness requirement.

The record supports a finding Debtor disclosed all necessary information to the IRS

---

**4.** Carelessness is distinguished from "blind willful behavior" or a conscious avoidance of enlightenment such as deliberately ignoring the obvious. *United States v. Callahan,* 588 F.2d 1078 (5th Cir.1979).

in his 1987 tax return and applicable income tax schedules and accurately filed a tax return for 1987. Since there is no dispute as to Debtor's 1987 tax liability, only he has not paid the tax he admits is owing, there must be a showing of willful evasion of payment. Defendant has not satisfied its burden of proof.

With respect to Debtor's Motion for Summary Judgment, an analysis of the evidence demonstrates what might appear as suspiciously missing records and the character of Debtor's business and criminal charges that resulted. Debtor made transfers to his wife of that time in an amount that would have satisfied the 1987 tax obligations. Conversely, these items can not speak for themselves. There have been no allegations the Debtor's records were destroyed to thwart the Defendant's assessment and collection. Debtor's criminal activities were unrelated to fraud or an attempt to willfully evade payment of taxes. All the transactions involving purchase of the day-care facility and loans to Debtor's wife were incurred during the 1987 tax year and prior to taxes being due and owing. This Court recognizes Debtor did not make estimated tax payments during the 1987 tax year. However, Debtor's tax liability resulted primarily from the disposition of two capital assets (trailer parks). It was not until September 1987, that Debtor sold the capital assets and created a tax liability for 1987. There is no further evidence to suggest when other events occurred during 1987.

Debtor used accessible funds for items other than his income tax liabilities. If this is the indicia of fraud Defendant wishes to pursue, this Court can not agree. Granted, Debtor may not have used the best judgment in expenditures made to his wife at the time, but absent some showing Debtor was attempting to shield assets or avoid the assessment and collection of taxes, poor judgment is not indicative of fraud or willful behavior.

In analysis of the record, supporting documentation, and memoranda of the parties, this Court finds no question as to an issue of material fact remaining with respect to Debtor's Motion for Summary Judgment.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the United States of America's Cross Motion for Summary Judgment, be and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that The Debtor's Motion for Summary Judgment be, and the same is hereby, granted. The court will enter a separate judgment as to the dischargeability of the tax debt.

DONE AND ORDERED.