**In re Randall J. FLECK, Debtor.**

**United States of America, Appellant,**

v.

**Randall J. Fleck, Appellee.**

**No. 98–1953–C.V.–T–24(E).**

United States District Court,
M.D. Florida,
Tampa Division.

Aug. 30, 1999.

Marika Lancaster, U.S. Dept. of Justice, Tax Division, Washington, DC, for appellant.

Herbert Roy Donica, Herbert Roy Donica, P.A., Tampa, FL, for appellee.

## ORDER

BUCKLEW, District Judge.

This cause comes before the Court on Appellant's Appeal from judgment of the United States Bankruptcy Court for the Middle District of Florida, which was en-

tered on July 17, 1998 by Bankruptcy Judge Thomas E. Baynes, Jr. Appellant filed its initial brief on October 20, 1998. (Doc. No. 4). Appellee filed an answer brief on November 13, 1998. (Doc. No. 9).

## I. BACKGROUND

Randall J. Fleck, the debtor-appellee, filed a Chapter 7 petition in bankruptcy on December 2, 1994. In the course of that proceeding, Fleck filed a complaint initiating an action to determine the dischargeability of his federal income tax liabilities for the tax years 1987, 1988 and 1990. The United States of America, the claimant-appellant, opposed the debtor's claim for relief with respect to his 1987 and 1988 tax years on the grounds that the liabilities at issue are excepted from discharge by virtue of 11 U.S.C. § 523(a)(1)(C), because they are taxes to which the debtor made a fraudulent return or willfully attempted to evade or defeat.

In the proceeding below, each party filed a motion for summary judgment. The bankruptcy court granted appellee's cross-motion for summary judgment on the grounds that the record was insufficient as a matter of law to support a conclusion that the appellee's 1987 and 1988 tax liabilities should be excepted from discharge. Appellant appeals that order in this action.

## II. STANDARD OF REVIEW

 When sitting in its appellate capacity, this Court reviews the grant of summary judgment in bankruptcy proceedings de novo. See Charter Intern. Oil Co. v. Ziegler, 113 B.R. 725, 726 (M.D.Fla. 1990); Smith v. Beeson, 128 B.R. 488, 489 (S.D.Fla.1991). In its de novo review, the Court applies standard summary judgment procedures, and must construe all material facts in a light most favorable to the non-moving party. See id.; Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Exceptions to discharge in bankruptcy are construed narrowly in the debtor's favor. See Howard

v. U.S., 167 B.R. 684, 686 (Bankr.M.D.Fla. 1994).

## III. DISCUSSION

In this appeal, the appellant contends that the court below improperly granted summary judgment for the debtor in that material disputed facts remain as to the ultimate issue in the case. (Doc. No. 4 at 9). Additionally, the appellant contends that the court below improperly weighed credibility of evidence, and improperly construed facts in a light most favorable to the moving party, i.e. the appellee. See id. at 10–12.

### A. The Propriety of Summary Judgment

 In the proceeding below, the appellant opposed the debtor's claim for relief with respect to his 1987 and 1988 tax years on the grounds that the liabilities at issue are excepted from discharge by virtue of 11 U.S.C. § 523(a)(1)(C). See Doc. No. 4 at 3. Section 523(a)(1)(C) was enacted to preclude the use of the Bankruptcy Code for purposes of tax evasion. See Haas v. I.R.S., 48 F.3d 1153 (11th Cir. 1995). In order to prevail under a section 523(a)(1)(C) exception, the government must prove that the debtor either underpaid taxes deliberately and with fraudulent intent or willfully attempted to evade or defeat a tax. See Haas, 48 F.3d at 1154. As to the issue of fraud, the debtor's failure to pay taxes, without more, is insufficient to satisfy the requirements of section 523(a)(1)(C). See id. at 1155. Where the issue is the debtor's specific intent to evade payment of taxes, the burden of proof rests with the government by a preponderance of the evidence. See Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

 As a general matter, non-dischargeability under section 523(a)(1)(C) may be proven by demonstrating a pattern of willful concealment of assets; dealings in cash; the shielding of income; and frustration of tax collection efforts. See e.g.,

*Spies v. U.S.,* 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943); *Korecky v. Commissioner,* 781 F.2d 1566 (11th Cir.1986); *In re Howard,* 167 B.R. 684 (Bankr.M.D.Fla. 1994). Other "badges of fraud" are significant and repeated understatements of income; failure to file tax returns; implausible or inconsistent taxpayer behavior; and failure to cooperate with the Internal Revenue Service. *See Binkley v. United States,* 176 B.R. 260, 264 (Bankr.M.D.Fla. 1994); *Eyler v. Commissioner,* 760 F.2d 1129, 1132–33 (11th Cir.1985).

▮ In the instant case, the court below found that no material issue of disputed fact remained to support a section 523(a)(1)(C) exception. In support of its conclusion, the court noted the following undisputed record evidence: (1) the revenue agent who audited the appellee determined that a civil fraud penalty was not warranted; (2) the appellee provided underlying documentation for a portion of his deductions; (3) the appellee made several payments to the Internal Revenue Service toward his outstanding tax liabilities; and (4) the appellee responded to and cooperated with the Internal Revenue Service before and during the audit process. *See* Record Doc. No. 32. Also, the court below noted that while some of appellee's explanations and deductions were merely "plausible" or supported by "little, if any proof", the appellant failed to refute these items with record evidence. *Id.*

In reviewing the record below de novo, the Court finds that summary judgment in favor of the appellee was appropriate. Without considering the credibility of any assertions made by the appellee, and construing all evidence in a light most favorable to the appellant, no material issue of disputed fact remains as to the section 523 exception here.

On appeal, the appellant supports its assertion of error merely by pointing to the appellee's own statements and the audit analysis of the revenue agent. *See* Doc. No. 4 at 4–7. This evidence, however, does not satisfy the appellant's burden to prove a section 523(a)(1)(C) exception, nor does it dispute the record evidence [1] which evinces a lack of specific intent on the part of the appellee. *See Spies v. U.S.,* 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943); *Korecky v. Commissioner,* 781 F.2d 1566 (11th Cir.1986); *In re Howard,* 167 B.R. 684 (Bankr.M.D.Fla.1994); *Binkley v. United States,* 176 B.R. 260, 264 (Bankr.M.D.Fla.1994); *Eyler v. Commissioner,* 760 F.2d 1129, 1132–33 (11th Cir. 1985). For example, appellant implies that the Court should find a material dispute as to appellee's specific intent because some of appellee's reasons for his actions regarding his tax payment in the years at issue were founded on his subjective beliefs or based on his inability to recall certain facts or point to certain evidence. *See* Doc. No. 4 at 4–7. In other words, rather than pointing to evidence that belies appellee's position, appellant attempts to create a disputed issue out of the believability or veracity of appellee's assertions. Although circumstantial evidence may be used to establish a case of fraud, the record is devoid of any evidence which suggests a fraudulent intent.[2] *See In re Kirk,* 98 B.R. 51, 55 (Bankr.M.D.Fla.1989).

Accordingly, it is **ORDERED AND ADJUDGED** that the Bankruptcy Court's Order is **AFFIRMED;** and the Clerk is directed to CLOSE case number 98–1953–C.V.–T–24(E).

---

1. Such as (1) the revenue agent who audited the appellee determined that a civil fraud penalty was not warranted; (2) the appellee provided underlying documentation for a portion of his deductions; (3) the appellee made several payments to the Internal Revenue Service toward his outstanding tax liabilities; and (4) the appellee responded to and cooperated with the Internal Revenue Service before and during the audit process. *See* Record Doc. No. 32 and supporting documents cited therein.

2. In fact, as delineated in footnote 1 above, the undisputed record evidence infers a lack of specific intent to defraud.